(87 Misc. Rep. 459)

## PEOPLE v. DE BELLIS.

(Court of General Sessions, New York County. November, 1914.)

CRIMINAL LAW (§ 940*)—NEW TRIAL—HEARING ON MOTION—SCOPE OF INQUIRY.

Where defendant was convicted as a second offender, under Penal Law (Consol. Laws, c. 40) § 1941, of feloniously carrying a pistol, he could not, on a motion for new trial, made on the ground of newly discovered evidence which would establish that at the time of his prior conviction he was not 16 years of age, and therefore under section 2186, guilty of no crime, attack the validity of such conviction; the only question on his trial as second offender being whether there was such prior conviction.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2324–2327; Dec. Dig. § 940.*]

John De Bellis was convicted of feloniously carrying a pistol as a second offender, and moves for new trial. Motion denied.

Charles S. Whitman, Dist. Atty., of New York City, for the People. A. Mitchell Leslie, of New York City, for defendant.

WADHAMS, J. Motion is made for a new trial. The defendant was convicted of feloniously carrying a pistol, as a second offender.

The indictment alleged that the defendant had on the 11th day of May, 1911, been convicted in the Court of General Sessions, of burglary in the third degree. Upon this trial the prior conviction was admitted by stipulation upon the record. The ground upon which the defendant now makes motion for a new trial is that he has newly discovered evidence which will establish that the defendant at the time of his prior conviction in the Court of General Sessions was not 16 years of age. The validity of the prior conviction was not questioned at the trial before me. The question of his age at the time of the prior conviction was not discussed.

In the affidavits made by counsel for the defendant upon this application, he alleges that the evidence as to the age of the defendant has been discovered by the deponent since the trial, and the failure to produce it at the trial was not owing to wanton negligence. Counsel making this application is not the attorney who appeared for the defendant either at the first or second trial.

The sentence imposed on May 18, 1911, upon the defendant's prior conviction, was one year in the penitentiary and a fine of $500, and on May 7, 1912, the fine was remitted. At the time of the application for the remission of the fine, an affidavit was submitted to this

court, verified the 6th day of April, 1912, by the father of the defendant, in which he alleges:

"Although my son gave his age as 16 at the time when he was sentenced, he is but 16 years and 2 months at the present time."

It clearly appears, therefore, that the evidence which the defendant desires to introduce upon a new trial is not newly discovered evidence.

It is urged, however, that by reason of the age of the defendant the Court of General Sessions had no jurisdiction to pass judgment or impose sentence upon the defendant in May, 1911; that the prior conviction was void, and therefore the defendant was not heretofore convicted of a felony; and that, as the defendant was under 16 years of age at the time of his prior conviction, at most he could have been found guilty only of juvenile delinquency.

Section 2186 of the Penal Law provides:

"A child of more than seven and less than sixteen years of age, who shall commit any act or omission which, if committed by an adult, would be a crime not punishable by death or life imprisonment, shall not be deemed guilty of any crime, but of juvenile delinquency only."

Section 1941 provides:

"A person, who, after having been convicted within this state, of a felony, or an attempt to commit a felony, or of petit larceny, or, under the laws of any other state, government, or country, of a crime which, if committed within this state, would be a felony, commits any crime within this state, is punishable upon conviction of such second offense, as follows: ＊ ＊ ＊

"2. If the subsequent crime is such that, upon a first conviction, the offender would be punishable by imprisonment for any term less than his natural life, then such person must be sentenced to imprisonment for a term not less than the longest term, nor more than twice the longest term, prescribed upon a first conviction."

The fact alleged in the indictment and which was traversed by the plea of not guilty was that the defendant had theretofore been convicted within this state of a felony. The issue, therefore, before me was whether there was or was not such prior conviction.

The defendant, as admitted by stipulation and as shown by the records of this court, was, on the 11th day of May convicted of a felony, namely, burglary in the third degree. This court had jurisdiction of the subject-matter and of the person of the defendant. The point now raised by counsel for the defendant does not assail the jurisdiction of the court to convict the defendant, but merely assails the correctness of that conviction. Had the defendant desired to do so, he could undoubtedly, upon the trial upon his former conviction, have put in issue the question of his age. Instead of raising that issue, however, he pleaded guilty. When the defendant pleaded guilty in 1911, he stated that he was over 16 years of age and sentence was thereupon imposed.

Even were a new trial granted, evidence as to the age of the defendant at the time of his prior conviction would not be admissible upon this trial, even if it were a fact material to the jurisdiction. In the case of People ex rel. Kuhn v. Protestant Episcopal House of Mercy,

133 N Y. 207, at page 210, 30 N. E. 853, in reversing an order overruling a demurrer interposed by the defendant to the traverse of the return of the writ of habeas corpus by which it was sought to obtain the release of the defendant, who had been committed as a minor, upon the ground that she was in fact an adult, the court said:

"The age of the daughter was a fact material to the jurisdiction of the police justice, which he was expressly authorized by statute to ascertain, and which he did determine upon proofs submitted to him, and his adjudication in this respect cannot be questioned in this proceeding."

The validity of prior judgment cannot be attacked collaterally. The defendant was convicted. He was convicted by a court of competent jurisdiction, and the only question upon his trial as a second offender before me was whether or not there was such prior conviction. The former case could not be reviewed by me for the purpose of ascertaining whether or not an error was committed upon the prior trial. The procedure for such a review is by appeal. As was stated by Mr. Justice Thomas in People ex rel. Goldstein v. Clancy, 163 App. Div. 614, at page 616, 148 N. Y. Supp. 977, at page 978:

"There is not a combination of the two offenses, nor is the first offense in any sense retried, or further punishment therefor imposed. The defendant is tried to discover whether he has committed another crime, and for the purpose of sentence the question whether he has been earlier convicted is ascertained."

In Kelly v. People, 115 Ill. 583, 4 N. E. 644, 56 Am. Rep. 184, the court says:

"There is a distinction between void and erroneous; and the general rule is undoubted that, where the court has jurisdiction of the subject-matter and of the person, its judgment in the case will not be void, although it may be erroneous, and that in a collateral proceeding the validity of the judgment cannot be called in question."

In People v. Adams, 95 Mich. 541, 55 N. W. 461, where it was contended that an improper sentence had been imposed upon the prior conviction, the court said:

"Conceding the invalidity of the sentence, and that under this statute a conviction of the first offense must be shown, the former conviction stands unreversed. The conviction is the finding of guilt."

In Wilde v. Commonwealth, 2 Metc. (Mass.) 408, Shaw, C. J., says:

"Some objections were taken to the validity of this judgment on the information, arising from alleged errors and defects in the judgments therein set forth as the basis of a judgment for additional punishment. * * * Such judgments must be taken to be valid, until reversed for error."

In the case at bar the jury found the defendant guilty as a second offender. Section 1941 of the Penal Law provides the punishment which must be imposed upon conviction of a person who has been heretofore convicted within this state of a felony, and the defendant has been sentenced in accordance with the provisions of that section.

Motion denied.