THE PEOPLE OF THE STATE OF NEW YORK ex rel. BERNARD J. FRIEDMAN, Relator, v. HARRY M. KAISER, as Warden of Clinton Prison, Dannemora, New York, Respondent.

County Court, Clinton County, September 29, 1929.

*Thomas Costigan* [*Emanuel Tacker* with him on the brief], for the relator.

*Hamilton Ward, Attorney-General* [*William B. Zimmer, Assistant Attorney-General*, of counsel], and *John E. McGeehan, District Attorney*, Bronx county [*George B. DeLuca, Assistant District Attorney*, of counsel], for the respondent.

COLLINS, J. On November 12, 1926, David Meshel, after being indicted and convicted as a fourth offender, was sentenced to prison for his natural life.

It appears from the petition, commitment, court and prison records submitted upon the return of this writ that sentence was suspended on the second offense, which also constituted the second count of the indictment.

But increased punishment prescribed for persons previously convicted cannot be imposed unless the conviction is followed by final judgment on sentence. This particularly and specifically applies to fourth offenders. (*People v. Schaller*, [1928] 224 App. Div. 3; *People ex rel. Robideau v. Kaiser*, [1929] 134 Misc. 468.)

Manifestly then the sentence is not only erroneous but unlawful, unauthorized and beyond the jurisdiction of the court. Hence, it is elementary that a writ of habeas corpus is the proper remedy and that the jurisdiction of this court is established.

In the case at bar, David Meshel cannot be remanded for resentence because he was indicted, tried and convicted as a fourth offender. He cannot be retried because that would place him twice in jeopardy.

It is conceded that the sentence is wrong, as the law stands to-day. (See cases cited.) If it is wrong to-day it was wrong at the time of the sentence. Simple justice requires the righting of this wrong. But it is contended that the only relief is by an application to the Governor for executive clemency.

The contention that the writ of habeas corpus is not the proper remedy and that this court is without jurisdiction is based upon a strained construction of the law. And when the time comes that justice is so incumbered with strained, hair-line, voluminous and unnecessary opinions that the courts are unable to correct their own mistakes without the aid of the Governor of the State, thus laying him open to criticism as has been the case in the past, it is time for a purging.

The defendant David Meshel must be discharged forthwith.