In the Matter of the Application of JACK CEDAR for a Peremptory Order of Mandamus.

Supreme Court, New York County, May 10, 1933.

*Leo H. Klugherz,* for the petitioner.

*Thomas C. T. Crain, District Attorney [Le Roy Mandle, Deputy Assistant District Attorney,* of counsel], in opposition.

LEVY, J. Upon this application for reargument it appears definitely, without denial by the People, that an application was made to the Court of General Sessions on August 10, 1932, to resentence the defendant. This was made upon notice to the district attorney, and evidently after the amended indictment *nunc pro tunc* of May 20, 1932, as of January, 1924, from which the inference must be drawn that the Philadelphia conviction was for what would be a misdemeanor in this jurisdiction. The date of the certification of the amended indictment, " October 14, 1932," gave the impression upon the original consideration of the petition that it could not have been before the Court of General Sessions on August 10, 1932. But apparently an earlier certified copy was before that court then. Under these circumstances, it is not in the interests of justice to accept the district attorney's view that the record of the actual plea of guilty by the prisoner as a fourth felony offender is conclusive. His interpretation of one of his convictions as a felony, when in fact it was a misdemeanor, should not be held against him. A confession of a conclusion of law is not necessarily a confession of fact.

In a recent case in Michigan (*People* v. *Brown,* 253 Mich. 537) the record showed that the prisoner had been " upon his plea of guilty convicted of the crime of fourth felony." Nevertheless, the court searched the record and remanded the prisoner for resentence,

in view of the serious consequences of a sentence under the habitual criminal law.

Procedure there lends support — if that be necessary — to the language of Judge CRANE in *People ex rel. Sloane* v. *Lawes* (255 N. Y. 112, 117): " The law deals with realities and not fictions; it punishes men for what they have done, not for formal entries or paper records not true in fact." That authority also indicates mandamus as the appropriate remedy in circumstances such as these, rather than habeas corpus. Furthermore, relief has already been unsuccessfully sought in an application for resentence to the court of original jurisdiction.

The motion for reargument must, therefore, be granted, and upon such reargument the motion for a peremptory order of mandamus must likewise be granted. Settle order.