In the Matter of the Application of WILLIAM CLIFFORD TER-WILLIGER, Petitioner, for a Peremptory Mandamus Order against NATHAN TURK, as Judge of the Tioga County Court and Another, Respondents.

Supreme Court, Tioga County, July 10, 1935.

*James S. Truman*, for the petitioner, for the motion.

*J. Laning Taylor, District Attorney*, and *John J. Bennett, Jr., Attorney-General [Edward T. Boyle, Assistant Attorney-General*, of counsel], for the respondents, opposed.

PERSONIUS, J. The petitioner is confined in Auburn State Prison under sentence from Tioga county. On his petition an order was granted requiring the Tioga county judge and district attorney

to show cause why the petitioner should "not receive a full and complete hearing" in relation to his sentence as a fourth offender.

The petition alleges several grounds which are clearly matters for appeal or without merit. Among others it alleges that the information charging petitioner with being a fourth offender sets forth crimes committed before he had attained the age of sixteen. The petitioner's sworn statement at the time he was first convicted, in April, 1921, shows that he was then twenty years of age. (*People* v. *DeBellis*, 87 Misc. 459; *People ex rel. Davis* v. *Jennings*, 133 id. 538.)

The only allegation which presents a question for consideration here is that the information charging the petitioner to be a fourth offender and the proof thereunder are insufficient to warrant the petitioner's punishment as a fourth offender, for the reason that the first three convictions, or some of them, were for crimes *committed prior to his first conviction*.

The petitioner is committed under a conviction of the crime of forgery in the second decree. He was sentenced November 20, 1931, but returned for resentence. On March 23, 1933, the district attorney filed an information charging the petitioner with being a fourth offender because of the following convictions:

| Crime charged | Date committed | Date of conviction | Where sentenced |
|---|---|---|---|
| 1. Forgery..... | Feb. 16, 1921 | April 20, 1921 (Tompkins county). | Elmira Reformatory |
| 2. Forgery..... | Feb. 8, 1921 | Oct. 20, 1922 (Tioga county). | Auburn State Prison. |
| 3. Forgery..... | Jan. 3, 1925 | April 20, 1925 (Bradford county, Penn.). | Eastern Penitentiary. |

The petitioner's first and second convictions were in the inverse order of the commission of the crimes. His second conviction was for a crime committed prior to his first conviction. On his second conviction, therefore, it would seem that he was not subject to sentence for additional time as a second offender. That question, however, is not here.

After serving his sentences on the above three convictions and on October 16, 1931, the petitioner committed forgery, was convicted November 12, 1931, and sentenced November 20, 1931. He was returned for resentence. On March 23, 1933, the information accusing him of being a fourth offender was filed. Upon a trial he was found to be the same person mentioned in the three previous convictions and on June 22, 1933, sentenced as a fourth offender. He is now serving such sentence.

We think the sentence is legal. The question as to its legality arises because of some confusion in construing section 1941 of the Penal Law which provides for increased punishment for a second offender, and section 1942 which provides for increased punishment for a fourth offender.

A careful reading of the two sections dispels such confusion. To make a defendant a second offender, under section 1941, *the commission of his second offense must follow his first conviction.* The section says so. To make a defendant a fourth offender, under section 1942, the *order of the commission and conviction of the first three offenses is immaterial. All that is necessary is that the three convictions precede the commission* of the fourth offense. The section says so.

Consistent with the language of section 1941, it has been held that where a second conviction is for a crime committed *prior* to the first conviction, the defendant is not a second offender within section 1941. Such are the cases cited by the petitioner. (*People ex rel. Gaczewski* v. *Jennings*, 223 App. Div. 78; *People* v. *Tramonti*, 153 Misc. 371; *People* v. *Bergman*, 176 App. Div. 318.) In the last case the two convictions were simultaneous — convictions under two counts of one indictment. Section 1941 prescribes heavier punishment for a second offender who had not reformed since his first conviction, that is, who has committed an offense subsequent, not prior, to his first conviction.

Section 1942, providing additional punishment for a fourth offender, applies *when the fourth offense was committed after the offender had been* " three times convicted." Such is the present case. The petitioner had been convicted and sentenced in Tompkins county, N. Y., Tioga county, N. Y., and Bradford county, Penn., and served each of his sentences. *Subsequently* he committed the felony for which he is now serving a sentence.

The petitioner also cites cases where the defendant had received a suspended sentence or similar disposition on one or more of his first three alleged convictions. A suspended sentence cannot be counted as one of the three convictions necessary to make a defendant a fourth offender. (*People ex rel. Marcley* v. *Lawes*, 254 N. Y. 249.) It can, however, be counted to make him a second offender. (Code Crim. Proc. § 470-b.) But the petitioner received no suspended sentence on any of the three convictions relied upon to make him a fourth offender. In each of those three, there was a " final judgment on sentence." There were " three or more fully completed, legal, prior judgments of conviction." Therefore, *People ex rel. Friedman* v. *Kaiser* (134 Misc. 786); *People* v. *Spellman* (136 id. 25) and *People* v. *Schaller* (224 App. Div. 3)

have no application. In the *Spellman* case the defendant, on the same day, pleaded guilty to seven indictments, each charging burglary, and was sentenced upon all seven. The court refused to consider each as a separate legal conviction.

There was some confusion on the argument about the conviction in Bradford county, Penn. The district attorney has furnished certified copies of the records. It appears that there were two prosecutions: (1) For the forgery of a check dated January 21, 1921, the petitioner was indicted (No. 25, May session, 1925) and on April 16, 1925, received a suspended sentence. This is not relied on here. (In part of the record the date is erroneously stated as January 21, 1925.) (2) The petitioner was also indicted in Bradford county, Penn., for forging a check on January 3, 1925 (No. 18, February session). On this indictment the petitioner was on April 20, 1925, sentenced to pay a fine and to be imprisoned in the penitentiary. This is the conviction relied on here.

The petition shows that while the petitioner was being held in the Tioga county jail, intermediate his return for resentence and his trial on the fourth offender information, he was convicted of unlawful escape from the Tioga county jail and sentenced under that charge. This, the petitioner's sixth offense, apparently, has no bearing here. The petitioner is not confined therefor. That conviction is not relied upon to make him a fourth offender.

Finally, the respondents say that the petitioner has mistaken his remedy. He took but did not prosecute an appeal. We think every question that he raises could be properly raised on the appeal which is still pending. Mandamus will not lie. (*Matter of Cedar*, 240 App. Div. 182; 265 N. Y. 620.) In *People ex rel. Sloane v. Lawes* (255 id. 112) a mandamus was allowed where under the peculiar facts of the case the defendant had no other remedy. It was cited in the *Cedar* case at Special Term (147 Misc. 569, 570), and had been decided prior to the decision of the *Cedar* case in the Court of Appeals.

The petitioner's application is denied. Submit order accordingly.