THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ERNEST RICE, Defendant.

County Court, Kings County, December 7, 1938.

*William F. X. Geoghan, District Attorney* [*Harry Davey, Assistant District Attorney,* of counsel], for the plaintiff.

*Isidore S. Jaffee,* for the defendant.

BRANCATO, J. The defendant pleaded guilty to an attempt to commit bigamy, a felony, and the question now is, whether he is to be sentenced as a second offender pursuant to the provisions of section 1941 of the Penal Law which justifies such punishment where a person who, after having been once or twice convicted of a felony under the laws of any other State of a crime which, if committed within this State, would be a felony, commits any felony within this State, etc.

In 1919 the defendant married one Mary Wright, from whom he has never been divorced and who still is his legal wife. On October 1, 1922, he married one Florence Niffer, and on October 4, 1924, he married one June Collins. On December 11, 1924, he was convicted in the State of Oklahoma for the commission of the crime of bigamy, on his plea of guilty to an indictment which charged that on October 4, 1924, the said defendant, while he had a wife living, the said Florence Niffer, from whom he had not been divorced and whose marriage relations were still in full force and effect, in the State of Oklahoma wrongfully and feloniously married one June Collins. He was sentenced accordingly to serve one year in the Oklahoma State Penitentiary. It is this conviction which the defendant now questions. He attacks its validity and effectiveness for the purposes contemplated under the provisions of section 1941 of the Penal Law, above quoted, upon the grounds, as he alleges, that when he married the said Florence Niffer in October, 1922, and at the time of his conviction in 1924, he had a legal wife living, Mary Wright. His marriage to Florence Niffer, he claims, was, therefore, a bigamous marriage, and as such could not have been made the basis for the bigamy charge which resulted in the conviction in question.

It is not disputed that in this State the prior marriage, upon which a conviction for bigamy can be predicated, must be a valid and not itself a bigamous marriage. (*People* v. *Corbett*, 49 App. Div. 514; *People* v. *Crawford*, 62 Hun, 160; affd., 133 N. Y. 535.) To defeat a conviction for bigamy upon the grounds herein claimed by the defendant, however, such defense should have been interposed at the trial. But there is nothing before this court to suggest that any such issue was raised by the defendant or that the court was apprised of the existence of defendant's first wife, Mary Wright. On the contrary, the exemplified copy of the judgment convicting the defendant clearly indicates that he pleaded guilty to the charge of bigamy as alleged in the indictment and that the court found no sufficient cause why judgment and sentence should not be pronounced against him. The conviction is, therefore, conclusive upon this court in a second felony proceeding under section 1941 of the Penal Law. " In a proceeding under sections 1941–1943 of the Penal Law the foreign judgment of conviction, the guilt and the allegations contained in the indictment are conclusive, and the court is confined to the facts charged in the indictment on which the previous conviction was had, and the evidence tending to attack the judgment, guilt or facts contained in the indictment is not admissible." (*People* v. *Dacey*, 166 Misc. 827; *People* v. *Voelker*, 222 App. Div. 717.) The defendant should have

raised the issue of his alleged bigamous marriage to Florence Niffer in the Oklahoma court and his failure to do so estops him now from collaterally attacking its judgment in these proceedings. (*People* v. *DeBellis*, 87 Misc. 459; *People ex rel. Davis* v. *Jennings*, 133 id. 538; *Matter of Terwilliger* v. *Turk*, 156 id. 246; *Kelly* v. *People*, 115 Ill. 583; 4 N. E. 644; *People* v. *Adams*, 95 Mich. 541; 55 N. W. 461.) The allegations contained in the Oklahoma indictment are the confines beyond which this court cannot look for facts upon which defendant's conviction was predicated. It follows, therefore, that defendant's conviction in Oklahoma is valid and effective to constitute a prior felony conviction pursuant to the provisions of section 1941 of the Penal Law, and that defendant is now a second offender.