THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* ALPHONSE L. HARRISON, Defendant

County Court, Kings County, November 29, 1946.

**600**

*Miles F. McDonald, District Attorney (Frank Dilalla* of counsel), for plaintiff.

*Alphonse L. Harrison,* defendant in person.

LEIBOWITZ, J. On November 23, 1925, the defendant was sentenced by this court to Elmira Reformatory after conviction of grand larceny. On that day the defendant was sworn and his pedigree taken. He testified that he was then twenty-one years of age.

In 1928, the defendant was convicted of grand larceny and was sentenced as a second felony offender. Again, in 1932, he was convicted of grand larceny and sentenced as a third felony offender. On June 11, 1942, he was convicted of grand larceny and sentenced as a fourth felony offender to a term of twenty years to life.

Over this long span of years, during which the defendant has had numerous encounters with the law, he has never questioned the validity of his first conviction in 1925. Now, twenty-one years later, he asserts that at the time of the conviction in 1925 he was under the age of sixteen years. He contends that, therefore, the 1925 conviction is invalid and that he is not a fourth felony offender.

The defendant sued out a writ of habeas corpus in the Supreme Court and, after a hearing, the Supreme Court found that he was under the age of sixteen years in 1925. The writ was sustained, and the Supreme Court ordered that he be brought before this court " for such proceedings as may be proper in the premises."

Although the said order is indefinite and ambiguous, it was the apparent intention of the Supreme Court that the defendant be produced before this court to be resentenced as a third felony offender. That could be accomplished only by the filing of a new or amended information by the District Attorney. In the absence of such a direction, the District Attorney is under no obligation to file such an information.

Moreover, the sentencing court in 1925, having jurisdiction both of the subject matter and the person of the defendant, its judgment could not be collaterally attacked. (*People ex rel. Tweed* v. *Liscomb,* 60 N. Y. 559; *People ex rel. Davis* v. *Jennings,* 133 Misc. 538.) The sentencing court, having found as an independent fact that the defendant was over the age of sixteen years (he having stated, under oath, at the time of sentence that he was of the age of twenty-one years), that finding, as evidenced by the judgment of conviction, was conclusive until reversed or set aside. (*People ex rel. Wiegand* v. *Brophy,* 261 App. Div. 877; *People ex rel. Davis* v. *Jennings,* 133 Misc. 538, *supra; People* v. *De Bellis,* 87 Misc. 459.)

The exclusive remedies available to the defendant, in order to raise the question of age, were by appeal or motion for a new trial on newly discovered evidence made within one year from the date of judgment. It is now too late for him to do either. (*Matter of Hogan* v. *Court of General Sessions,* 296 N. Y. 1.)

The writ of habeas corpus may not be resorted to as a substitute for an appeal. (*People ex rel. Danziger* v. *P. E. House of Mercy,* 128 N. Y. 180; *Ex parte Siebold,* 100 U. S. 371.)

The only inquiry that may be properly conducted by the Supreme Court, where the defendant is held pursuant to a valid commitment, is whether the court had jurisdiction of the case and authority to pronounce sentence. (*Matter of Morhous* v. *N. Y. Supreme Court,* 293 N. Y. 131.) The court of original jurisdiction, having complete authority in acting in the premises as it did, the defendant was not entitled to a writ of habeas corpus. " The Legislature has provided that a person is not entitled to a writ of habeas corpus ' where he * * * is detained by virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction ' " and " An injured person must avail himself of other appropriate ' corrective judicial process to remedy the alleged wrong ' if under the law of the State the writ of habeas corpus is not available for that purpose." (*Matter of Morhous* v. *N. Y. Supreme Court, supra,* pp. 134–135.) The law is now well settled that the defendant may not

challenge any defect in the proceedings by a writ of habeas corpus. (*People ex rel. Bernoff* v. *Jackson,* 269 App. Div. 580.)

I find, therefore, that the Supreme Court, lacking jurisdiction to determine the question of fact presented by the defendant on a writ of habeas corpus, exceeded its authority to make the order directing the production of the defendant before this court for resentence.

The defendant should, therefore, be returned to Clinton Prison under the original sentence of June 11, 1942. Submit order.