■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. FLETCHER TAYLOR, Also Known as Hamilton Bragg, Appellant.— Appeal by defendant from a judgment of the County Court, Queens County, rendered February 16, 1960 on his plea of guilty, convicting him of attempted robbery in the third degree; and, after a jury trial on an information charging him with four prior felony convictions, sentencing him as a fifth felony offender to serve a term of 25 years to life. Judgment modified on the law by reducing the sentence to a term of 15 years to life. As so modified, the judgment is affirmed. The findings of fact implicit in the jury's verdict are affirmed. Defendant contends that his sentence be vacated and he be resentenced as a third felony offender on the ground that three prior convictions in Alabama for forgery, upon *pleas* of guilty given on the same day to three separate indictments be considered as only *one* prior conviction for the purpose of section 1942 of the Penal Law. In support of his contention, the defendant relies on *People ex rel. Janosko* v. *Fay* (6 N Y 2d 82). The *Janosko* case is distinguishable, however. In that case the two convictions were based upon two separate indictments *which were tried together*. Section 1942 of the Penal Law provides that "For purposes of this section, conviction of two or more crimes charged * * * in two or more indictments or informations *consolidated for trial*, shall be deemed to be only

one conviction" (emphasis supplied). Here, defendant pleaded guilty to three separate indictments. While it may have been possible to consolidate these separate indictments (cf. Code Crim. Pro., § 279), the fact remains that they had not been "consolidated for trial" within the scope of section 1942 of the Penal Law. Therefore, each conviction must be treated as a separate one for the purpose of imposing sentence under the statute (Penal Law, § 1942), and defendant was properly sentenced as a fifth offender. We believe, however, that under all the circumstances the sentence, although properly imposd under section 1942 of the Penal Law, was excessive and that it should be reduced to a term of 15 years to life — the minimum sentence prescribed by the statute (Penal Law, § 1942). Beldock, P. J., Ughetta, Kleinfeld and Christ, JJ., concur; Hill, J., dissents and votes to vacate the sentence and to remand the defendant to the County Court for resentence as a third felony offender, with the following memorandum: Three of the prior convictions counted against defendant resulted from his pleas of guilt to three consecutively numbered Alabama indictments for forgery; such pleas were made before the same JUDGE on the same day. Defendant received three sentences of two years, but it does not appear whether they were to run concurrently or consecutively. We are not informed as to the practice in Alabama with respect to consolidation or joint trial of criminal actions, but the essence of consolidation is the uniting of multiple claims or charges which are sufficiently similar to justify the avoidance of multiplicity or circuity of legal action (cf. *People ex rel. Janosko* v. *Fay,* 6 N Y 2d 82, 87). Here, the Alabama indictments charged the same general crime and were so similar as to result in consecutive indictments, in the defendant's appearance before the same Judge on the same day, in the acceptance of pleas of guilty on all three indictments, and in the imposition of similar sentences. In *Janosko* (*supra,* p. 88) the Court of Appeals said: "We consider the legislative intent in section 1942 to have been that if several crimes or a series of crimes are sufficiently alike in time, place and nature to warrant their being united for trial, and if they have been tried together, the purpose of the Baumes Laws will be served by treating the conviction as a single conviction, notwithstanding that the charges may arise from different transactions or the sentences be directed to be served consecutively." It is true that defendant elected to plead guilty in lieu of standing trial. However, a conviction upon a plea of guilty is as effective as a conviction upon the verdict of a jury (*People ex rel. Hubert* v. *Kaiser,* 206 N. Y. 46, 52); there is no valid legal distinction between them. Upon a plea of guilty, a defendant stands before the court precisely as though he had been convicted by the verdict of a jury (*People* v. *Dalton,* 205 Misc. 755, 756). The only difference between the two is that it may take longer to reach the conviction in one case than in the other (*People ex rel. Burke* v. *Fox,* 150 App. Div. 114, 115, affd. 205 N. Y. 490). In my opinion the *Janosko* case (*supra*) requires a holding here that the purpose of the Baumes Laws (Penal Law, § 1942) will be served by treating the three Alabama convictions as a single conviction, notwithstanding that the charges may have arisen from different transactions or that the sentences may have been directed to be served consecutively. Consequently, defendant should be remanded for resentence as a third felony offender. For such an offender, the applicable statutes (Penal Law, §§ 261, 1941, 2129) prescribe an indeterminate term, the minimum of which shall be not less than two and one-half years, and the maximum of which shall be not more than 10 years.