Felix J. Aulisi, J.
On October 20, 1955 in the Kings County Court, the relator, then 15 years of age, entered a plea of guilty to a reduced charge of murder, second degree, and on November 30, 1955, he was sentenced to a term of 20 years to life imprisonment.
The relator now challenges, by writ of habeas corpus, the lawfulness of his detention. He contends that he was deprived of his right to counsel at various stages of the proceedings, and that the County Court lacked jurisdiction on the ground that *820 the indictment found against him was void because it was based on alleged coerced confessions, and that it failed to allege that relator individually had a specific intent or design to kill.
The writ of habeas corpus is the traditional process devised centuries ago to safeguard the rights of persons, deprived of liberty, to challenge in the courts, the legality of their detention. The Legislature has provided that a person is not entitled to a writ of habeas corpus where he is detained by virtue of the final judgment or decree of a competent tribunal of civil or criminal jurisdiction. Upon a return to a habeas corpus that the prisoner is detained under a conviction and sentence by a court having jurisdiction of the cause, the general rule is, that he will be instantly remanded (Richardson ex rel. Farnum v. Collins, 90 N. Y. S. 2d 583; People v. Harrison, 192 Misc. 599; People ex rel. Solomon v. Slattery, 39 N. Y. S. 2d 43; People ex rel. Liotta v. Morhous, 283 App. Div. 836; People ex rel. Ehrman v. Kearney, 292 N. Y. 627).
There does not appear to be any question that the Kings County Court had jurisdiction of the person of the relator, and jurisdiction of the offense with which he was charged. It was, therefore, a competent court to try the charge and to sentence the defendant if convicted. Imprisonment under a judgment rendered by a court which had jurisdiction to try the charge is not unlawful if measured solely by common-law rules and standards. An imprisonment under a judgment cannot be unlawful, unless that judgment be an absolute nullity, and it is not nullity if the court has general jurisdiction of the subject, although it should be erroneous (Matter of Morhous v. New York Supreme Court, 293 N. Y. 131). The record also indicates that the relator had both a retained and assigned counsel.
The questions that relator raises are matters which clearly could have been urged under a plea of not guilty. The court would then have been called upon to decide the question of law involved, and the jury might have been called upon to decide a question of fact, and it is clear that the court had jurisdiction to decide such question of law, and the jury had jurisdiction to decide such questions of fact. For that reason the judgment cannot be challenged by habeas corpus on the ground that the court was without jurisdiction, even if the judgment is erroneous (People ex rel. Carr v. Martin, 286 N. Y. 27).
Certainly a general rule that the judgment of a court having jurisdiction to try an accused may be challenged by writ of habeas corpus in another court upon the ground that the requirements of due process were not satisfied in all respects at the trial, would produce a chaotic situation. An appeal to a higher *821 court is ordinarily the appropriate corrective process for error at the trial, and appearing in the record. A motion to vacate the judgment and for a new trial is ordinarily the appropriate corrective process for defect not appearing on the record or where for any other reason an appeal would not furnish a remedy. These proceedings are open to an accused in this State. For those reasons the relator is not entitled to a writ of habeas corpus under the provisions of section 1231 of the Civil Practice Act. Controverted questions of fact whether the relator is deprived of his liberty without due process can be determined only by a motion to vacate the judgment made in the court which granted it. The Supreme Court of this State has not jurisdiction to determine that question upon a writ of habeas corpus.
In addition, it also appears from the decisions that whether the indictment was void per se or not, Avhere the court in which the indictment is found and presented has jurisdiction of the class of offenses charged, it must in the first instance determine the validity of such indictment, and questions as to their sufficiency are not reAdcAvable by habeas corpus (People ex rel. Childs v. Knott, 187 App. Div. 604, affd. 228 N. Y. 608; People ex rel. Venosa v. Murphy, 306 N. Y. 640; People ex rel. Pennenga v. Morhous, 282 App. Div. 1090; People ex rel. Grogan v. Morhous, 270 App. Div. 871; People ex rel. Seagrist v. Mederer, 33 N. Y. S. 2d 114; People ex rel. Todak v. Hunt, 279 N. Y. S. 720; People ex rel. Schneider v. Hayes, 108 App. Div. 6).
Nevertheless, the relator does have an appropriate corrective process available to him in a proceeding before the sentencing court to vacate and set aside the judgment of conviction. This is a motion in the nature of a writ of error of coram nobis. In the case of People ex rel. Sedlak v. Foster (299 N. Y. 291) it was held that coram nobis is not only a proper remedy in this situation, but it is the exclusive remedy. (See, also, People ex rel. Maritine v. Hunt, 266 App. Div. 822, motion for leave to appeal denied 294 N. Y. 651; People ex rel. Varelli v. Brophy, 267 App. Div. 1042, motion for leave to appeal denied 294 N. Y. 644; People ex rel. Scharach v. Martin, 268 App. Div. 886, motion for leave to appeal denied 294 N. Y. 644; People ex rel. Ferraiolo v. Jackson, 269 App. Div. 920, motion for leave to appeal denied 295 N. Y. 991; People ex rel. Madden v. Foster, 271 App. Div. 809, affd. 297 N. Y. 925.)
Under the circumstances here presented, the writ must be dismissed and the relator remanded to the custody of the Superintendent of Great Meadow Correctional Institution, Comstock, New York.