OPINION OF THE COURT
Duncan S. McNab, J.
On December 12, 1980, defendant William Ayala pleaded guilty to one count of assault second degree, a class D violent felony offense, in satisfaction of the above-noted indictment. The instant assault occurred on July 30, 1980 while defendant was in immediate flight from a robbery of the Yorkville Savings Bank. In the course of attempting to commandeer a car to effect his escape, defendant bit the hand of one Mrs. Bernice Belcher, causing her a physical injury which required medical treatment. (The particular injury sustained by Mrs. Belcher, in this court’s opinion, satisfies the requirement for a finding of physical injury; see Matter of Philip A., 49 NY2d 198.)
Pursuant to section 70.08 of the Penal Law and CPL 400.16, the People have filed a statement with the court requesting that defendant be sentenced as a persistent violent felony offender. The People allege that defendant has previously been convicted of three separate predicate violent felony convictions, as follows:
*875 (1) That on June 20, 1975, in the United States District Court for Northern Indiana, defendant pleaded guilty under Indictment No. H CR 74-149 to a charge of bank robbery with jeopardy of lives pursuant to subdivision (d) of section 2113 of title 18 of the United States Code. The underlying facts there were that on September 9, 1974, the defendant, aided and abetted by one Cheryl Holbert, committed an armed robbery of the Security Federal Savings and Loan Association in Highland, Indiana, during the course of which they assaulted one Pamela Crowe. Defendant received a 20-year jail term for this crime.
(2) On that same day of June 20, 1975, and again in that same United States District Court for the Northern District of Indiana, defendant also pleaded guilty under a separate indictment, No. H CR 74-150, to a second charge of bank robbery with jeopardy of lives under subdivision (d) of section 2113 of title 18 of the United States Code, committed along with one Erroll Stewart on Sept. 12, 1974 at the Gary National Bank, Gary, Indiana, in the course of which the defendants, armed with a handgun, assaulted two female tellers at that bank. Defendant received another 20-year sentence for this crime, to run concurrently with the sentence imposed on the Highland, Indiana, bank robbery.
(3) Subsequently, on January 19, 1976, the defendant in the Federal District Court for Massachusetts, again pleaded guilty to a third charge of bank robbery, this time under subdivision (a) of section 2113 of title 18 of the United States Code, charging defendant, on September 19, 1974, with having acted in concert with one another, though unarmed, for which defendant was sentenced to a 12-year prison term, also to run concurrently with the Indiana sentences.
The defendant, in open court on January 23, 1981, admitted to each of these three bank robbery convictions.*
*876 However, defendant takes the position that he should be sentenced only as a second violent felony offender, and not as a persistent violent felony offender since, in his opinion, the three concurrent terms of imprisonment imposed upon him in the Federal courts of Indiana and Massachusetts resulted in his serving only one term of imprisonment, and therefore defendant argues, he cannot truly be characterized as a recidivist, the particular type of criminal he maintains section 70.08 of the Penal Law was exclusively aimed at.
The People, on the other hand, take the position that the manner in which defendant’s previous sentences were imposed is irrelevant for purposes of a finding as a persistent violent felony offender under section 70.08 of the Penal Law, and that this newly enacted section leaves the court no discretion insofar as certain prior crimes are concerned, such as this defendant’s, which are contained in the list of predicate violent felony offenses. (See Penal Law, § 70.02.)
The court would fully agree with the People’s position, notwithstanding that portion of the Practice Commentary to section 70.08 of the Penal Law (Hechtman, McKinney’s Cons Laws of NY, Book 39, 1980-1981 Pocket Part) which states that: “This section is part of the 1978 enactment that prescribes severe penalties for violent felony offenders, particularly recidivists” (emphasis added). However, in People v Jenkins (100 Misc 2d 935), this court, in what still appears to be the sole reported case interpreting this new section, held that defendant Jenkins was a persistent violent felony offender based on his two pre-September, 1978 felony convictions for robbery, second de *877 grec, and attempted robbery, second degree, committed on November 5, 1975 and November 25, 1975, based on separate incidents occurring in New York County and Bronx County respectively, for which defendant was sentenced to concurrent terms of imprisonment. In the course of rendering that decision, this court placed great weight upon a letter received from Mr. Melvin Miller, the Chairman of the Assembly Codes Committee, which read as follows:
“In reply to your letter of May 15, 1979, the intent of the legislature in enacting Penal Law Section 70.08 was to have two prior convictions for violent felony offenses committed prior to September 1, 1978, constitute predicate violent felony convictions for the purpose of persistent violent felony offender sentencing.
“I respectfully call your attention to Criminal Procedure Law Section 400.16 (1), which refers to paragraph (b) of subdivision two of section 70.04 of the Penal Law for the definition of what kind of conviction would serve as a predicate violent felony conviction.
“In addition, in order for prior felony convictions to serve as predicates for persistent violent felony offender sentencing, the defendant must have been sentenced to a term of imprisonment in excess of one year, and must have been imprisoned under sentence for such conviction prior to the commission of the present felony. Any inconsistency between Penal Law sections 70.08 and 70.10 should be resolved along the criteria contained in section 70.10. It was an oversight in the drafting of section 70.08, which has resulted in this inconsistency.”
While defendant is correct that the precise issue of recidivism raised here was not expressly raised in Jenkins (supra), it is noteworthy that in commenting upon the legislative intent, no mention was made by Mr. Miller of any distinctions to be raised vis-a-vis whether one is or is not a “recidivist” with respect to the application of this new law. Quite to the contrary, the legislative intent as reflected in Mr. Miller’s letter seems to be that upon a finding that one has incurred two or more predicate violent felony convictions, that one must be sentenced as a *878 persistent violent felony offender under section 70.08 of the Penal Law.
However, additional questions are raised by Mr. Miller’s letter. At first glance, one could argue that where Mr. Miller refers to resolving “any inconsistency between P.L. Sec. 70.08 and 70.10 *** along the criteria contained in Sec. 70.10” that he was referring to the qualification contained in section 70.10 (subd 1, par [c]) of the Penal Law, a qualification which is noticeably absent from section 70.08. Specifically, section 70.10 (subd 1, par [c]) provides: “(c) For the purpose of determining whether a person has two or more previous felony convictions, two or more convictions of crimes that were committed prior to the time the defendant was imprisoned under sentence for any of such convictions shall be deemed to be only one conviction.”
This court, however, would take the position that this particular subdivision at section 70.10 (subd 1, par [c]) is not the object of Mr. Miller’s remarks. Rather, the omission of this latter subdivision from section 70.08 is not, in this court’s opinion, the result of any inconsistency or oversight, but rather marks a genuine difference between the two sections. Such a difference would be entirely consistent with the recent amendment to section 70.10 (subd 1, par [a]) of the Penal Law, effective September 1, 1978 whereby a persistent felony offender is now defined as a person other than a persistent violent felony offender, as defined in section 70.08. Hence, it appears to this court that Mr. Miller’s concern as reflected in the second and third paragraphs of his letter relates to the criteria contained in section 70.04 (subd 1, par [b]) of the Penal Law as to what kind of conviction may serve as a predicate violent felony conviction. He states, “in addition *** the defendant must have,been sentenced to a term of imprisonment in excess of one year, and must have been imprisoned under sentence for such conviction prior to the commission of the present felony.” It appears to this court then, that Mr. Miller is suggesting that the twin requirements of an actual jail sentence of one year, and actual jail time served, as required re the definition of persistent felony offender at section 70.10 (subd 1, par [b], els [i], [ii]) *879 of the Penal Law should also be engrafted upon section 70.08 of the Penal Law as presently constituted, re the criteria for a finding of a persistent violent felony offender.
Whatever the relative merits of Mr. Miller’s latter suggestion, it strikes this court that to interpret Mr. Miller’s statement concerning “any inconsistency” so as to include the qualification contained at section 70.10 (subd 1, par [c]) of the Penal Law but absent altogether from section 70.08 as one of those inconsistencies, would be totally at odds with the historical underpinnings of section 70.08 of the Penal Law.
In this latter connection defendant fails to mention that Hechtman’s Practice Commentary to section 70.08 of the Penal Law (McKinney’s Cons Laws of NY, Book 39, 1980-1981 Pocket Part, § 70.08, p 127) goes on to note that “the pre-1967 Baumes Law concept of mandatory life imprisonment upon a fourth felony conviction has been revived” (emphasis added). Former section 1942 of the Penal Law, also known as “Baumes Law”, provided as follows: “A person who, after having been three times convicted within this state, of felonies or attempts to commit felonies, or under the law of any other state, government or country, of crimes which if committed within this state would be felonious, commits a felony, other than murder, first or second degree, or treason, within this state, shall be sentenced upon conviction of such fourth, or subsequent, offense to imprisonment in a state prison for an indeterminate term the minimum of which shall be not less than the maximum term provided for first offenders for the crime for which the individual has been convicted, but, in any event, the minimum term upon conviction for a felony as the fourth or subsequent, offense, shall be not less than fifteen years, and the maximum thereof shall be his natural life.”
The cases interpreting this former section made it clear that the additional punishment provided for in section 1942 applied regardless of the chronology either of the dates of commission and/or convictions of the three prior felonies. (See People ex rel. Reynolds v Morhous, 268 App Div 843; Matter of Terwilliger v Turk, 156 Misc 246.)
*880 In People v Taylor (16 AD2d 944), the Second Department was confronted with a situation under former section 1942 of the Penal Law very similar to the instant case. There, defendant Taylor had incurred three prior convictions in the State of Alabama upon pleas of guilty, given on the same day to three separate indictments. As Judge Hill pointed out in dissent in Taylor, the majority opinion is silent as to whether defendant’s Alabama sentences were imposed concurrently or consecutively. However, this court submits that the manner in which these sentences were imposed is irrelevant. While modifying Taylor’s 25-life sentence to a reduced term of 15-life, a 4-1 majority of the Second Department affirmed the judgment, holding that defendant had in fact been properly sentenced as a fifth offender since each of his three Alabama convictions were upon separate indictments, not consolidated for trial, and that therefore each conviction had to be treated as a separate conviction for purposes of sentencing under the Baumes Law.
Assuming that the current section 70.08 of the Penal Law serves to revive the Baumes Law concept, as Mr. Hechtman’s commentary notes, defendant Ayala would be in an identical position to that faced by defendant Taylor some 20 years ago.
Accordingly, it is the position of this court that under section 70.08 of the Penal Law, defendant William Ayala must be sentenced as a persistent violent felony offender and defendant would be so sentenced, under the class D violent felony crime of assault, second degree, to which he pleaded, for a period of six years to life, consecutive to any undischarged time owed. (See Penal Law, § 70.25, subd 2-a.) Also, while not germane to the narrow legal issue raised here, the court would point out that the agreed-upon sentence herein imposed is not only the statutory minimum for a class D violent felony offense, but is really quite lenient in view of the information contained in defendant’s presentence report revealing that he has now amassed a record of some 25 arrests, including four prior felony convictions inclusive of the three described above.

 Subsequent to actually being sentenced, the defendant, for the first time, raised the additional argument that since his plea in Massachusetts on January 19,1976 related to an unarmed robbery, that such conviction could not be considered here as a predicate violent felony conviction. While the People conceded that defendant was unarmed, they also represent that defendant was aided and abetted by another individual in this Massachusetts robbery for which defendant was convicted under subdivision (a) of section 2113 of title 18 of the United States Code.
*876 However, this court’s examination of subdivision (a) of section 2113 of title 18 of the United States Code reveals that that particular subdivision essentially required proof of a forcible taking of property, analogous to our basic robbery crime of robbery, third degree, but does not require the additional element of acting in concert with another actually present, as required in the crime of robbery, second degree, under our Penal Law. Thus, while the facts underlying defendant’s Federal conviction in Massachusetts seem analogous to a class C violent felony crime of robbery, second degree, it appears that the United States Code subdivision under which defendant was convicted in Massachusetts is not so analogous. However, assuming, arguendo, that defendant’s Massachusetts crime was not a predicate violent felony, this court would still be required to find defendant a persistent violent felony offender based on the two separate Indiana convictions, both of which are equivalent to the class B violent felony of robbery, first degree.