OPINION OF THE COURT
Howard E. Goldfluss, J.
The defendant herein, after being convicted of robbery in the second degree and assault in the second degree, faces sentence as a persistent violent felony offender pursuant to section 70.08 of the Penal Law. The said statute provides that a persistent violent felony offender is a person who stands convicted of a violent felony offense, after having been subjected to two or more predicate violent convictions, and fixes minimum and maximum sentences.
His objection to be so classified is based upon two significant points. At the outset, he claims that the statute is unconstitutional as applied to him because it would be in leffect an ex post facto law which is proscribed by article I of the United States Constitution.
The chronology is as follows:
The defendant was sentenced in June of 1977 after having pleaded guilty to three separate indictments, each charging him with criminal possession of a weapon in the third degree. He received 2 to 6 years on each indictment, said terms to run concurrently.
*1017 On September 1, 1978, section 70.02 of the Penal Law was enacted defining violent felony offenses which required minimum sentences of imprisonment. Although criminal possession of a weapon, third degree, was not at that time included, further amendment of the statute in 1980 did include that crime in the violent felony offender category. Unquestionably, both section 70.02 of the Penal Law as amended and section 70.08 of the Penal Law were enacted after the defendant was sentenced to the three weapon possession indictments. The issue to determine is whether subjecting him to a persistent violent offender sentence for the present conviction which occurred in November of 1982, is in fact ex post facto because it unconstitutionally elevates the degree of his punishment.
Article I directs that “No Bill of Attainder or ex post facto Law shall be passed.” Shortly after the Constitution was ratified, the United States Supreme Court in Calder v Bull (3 Dallas [3 US] 386, 390) defined “ex post facto” as applying to four areas:
“1st. Every law that makes an action done before the passing of the law, and which was innocent when done, criminal * * * 2d. Every law that aggravates a crime, or makes it greater than it was, when committed. 3d. Every law that changes the punishment, and inflicts a greater punishment, than the law annexed to the crime, when committed. 4th. Every law that alters the legal rules of evidence, and receives less, or different, testimony than the law required at the time of the commission of the offense, in order to convict the offender.”
Obviously, only the third category would apply herein.
No reported appellate decision addresses this issue as it applies to the persistent violent offender statute (Penal Law, § 70.08). However, the courts have dealt with the problem in upholding the sentencing structure of section 70.06 of the Penal Law, which provides for increased punishment for a second felony offender. The statute was held not to violate the due process clause as it applied equally to all persons so convicted. Nor was it found to be ex post facto because the increased punishment was imposed for the present violation and not as an additional *1018 penalty for the prior conviction. (See People v Starks, 78 Misc 2d 87, affd 53 AD2d 1066; People v Pray, 50 AD2d 987; People v Irving, 54 AD2d 765; People v Mangiapane, 87 AD2d 851.) The Court of Appeals directly analyzed the issue in People v Parker (41 NY2d 21, 26): “the well-founded purpose of providing for increased punishment of those who actually create the problem for themselves by persistent violations of penal statutes is to combat recidivism by increased punishment, not for previous * * * offense but, rather for the commission of the subsequent offense.”
The same rationale must logically apply herein. There is no difference in legislative intent between the two statutes. Both enhance punishment to recidivists — a compelling State interest. In no way can a legislature’s actions be deemed unreasonable when it imposes heightened punishment on a person who has demonstrated himself to be a threat to the peace and safety of society. Moreover, such action is reasonable when he has also demonstrated his failure to benefit from rehabilitative efforts offered by the State after his two prior offenses. (See People v Pacheco, 53 NY2d 663, 669 [concurring opn per Cooke, Ch. J.].) Society has a right to expect that a twice convicted individual will not revert to criminal conduct in the future.
The authority for upholding the constitutionality of enhanced punishment for habitual offenders is extensive. (See McDonald v Massachusetts, 180 US 311; Carlesi v New York, 233 US 51; People v Wilson, 13 NY2d 277.) Section 70.08 of the Penal Law as amended was in force and effect prior to the defendant’s commission of the act for which he now faces sentence, and therefore is not ex post facto. As in all other instances where an individual commits a criminal act, he is presumed to know the law prohibiting that act, and the consequences arising from its commission.
The other part raised by the defendant addresses itself to the fact that the sentences for his three prior convictions ran concurrently. His position is that at best he is only a predicate felon, and therefore not a persistent felon under the ambit of section 70.08 of the Penal Law.
This position was rejected in People v Ayala (107 Misc 2d 874, McNab, J.) in a scholarly opinion with which this *1019 court is in full agreement. In essence, the court therein held that the manner in which the defendant’s previous sentences were imposed, is totally irrelevant for the purpose of determining violent felony offender status. The applicable statute concerns itself with two or more prior convictions only, not with how sentences were executed.
Accordingly, after conviction by this court for one count of robbery in the second degree, and one count of assault in the second degree, the defendant for reasons herein stated is adjudicated a persistent violent felony offender, and will be sentenced to a term of 8 years to life imprisonment, the minimum for a class D felony under the statute.