OPINION OF THE COURT
Walter T. Gorman, J.
The People, via motion filed December 9, 1982, have requested that a hearing be held pursuant to GPL 400.16 to determine whether the defendant, Peter Herloski, is a persistent violent felony offender. The defendant, through his attorney, answered this motion, admitting certain of the allegations contained in the People’s moving papers, but primarily contending that the persistent felony offender statute was unconstitutional as violative of the ex post facto clause of the United States Constitution. The People responded to this primary contention through a letter dated December 29, 1982.
Prior to a consideration of the issue whether the defendant is a persistent violent felony offender, it is necessary to carefully examine the statutory provisions.
Section 70.08 (subd 1, par [a]) of the Penal Law states that: “[a] persistent violent felony offender is a person who stands convicted of a violent felony offense as defined in subdivision one of section 70.02 after having previously been subjected to two. or more predicate violent felony convictions as defined in paragraph (b) of subdivision one of section 70.04.”
*359 So, what this section provides, then, is a two-prong test:
(1) is the defendant presently convicted of a subdivision 1 of section 70.02 violent felony offense; and
(2) has the defendant previously been subjected to two or more predicate violent felony convictions within the meaning of subdivision 1 of section 70.04.
In the present case the defendant was convicted, after a nonjury trial, of attempted murder in the second degree, criminal possession of a weapon in the second degree, grand larceny in the third degree and criminal mischief in the fourth degree. The defendant admitted these convictions in the answering affidavit submitted by his attorney and during the preliminary examination conducted pursuant to CPL 400.16 (subd 2).
Since both attempted murder in the second degree and criminal possession of a weapon in the second degree are violent felony offenses as defined in subdivision 1 of section 70.02, the first prong of the two-prong test has been satisfied.
Section 70.04 (subd 1, par [b]) of the Penal Law supplies the criteria for determining whether a previous conviction is a “predicate violent felony conviction”. These criteria include:
“(i) The conviction must have been in this state of a * * * violent felony offense as defined in subdivision one of section 70.02, or of an offense defined by the penal law in effect prior to September first, nineteen hundred sixty-seven, which includes all of the essential elements of any such felony * * *
“(ii) Sentence upon such prior conviction must have been imposed before commission of the present felony * * *
“(iv) Except as provided in subparagraph (v) of this paragraph, sentence must have been imposed not more than ten years before commission of the felony of which the defendant presently stands convicted;
“(v) In calculating the ten year period under subparagraph (iv), any period of time during which the person was incarcerated * * * shall be excluded”.
*360 In the instant case, the defendant has a number of prior convictions, all of which he admitted in his answering affidavit and during the preliminary examination. Specifically, the defendant’s prior convictions are as follows:
(1) a conviction for burglary in the third degree on January 21, 1960, in Onondaga County Court; and
(2) three convictions for manslaughter in the first degree on March 20, 1970, in Onondaga County Court.
The first conviction, for burglary in the third degree, is not a violent felony offense. It does not meet the first criterion. (See Penal Law, § 70.02, subd 1; § 70.04, subd 1, par [b].) Thus, the only convictions which must be considered are those for manslaughter in the first degree.
The primary issue upon which the determination of persistent violent felony offender status rests in this case is whether these three prior convictions for manslaughter in the first degree should be considered as three separate and distinct convictions (as is the contention of the People), or as a single conviction for statutory purposes.
The convictions resulted from pleas entered to three counts of a single indictment. The sentences were to run concurrently. Thus, the situation is distinguishable from that in the case of People v Ayala (107 Misc 2d 874). In the Ayala case (p 875), the defendant had three prior violent felony convictions on which he received concurrent sentences, but the convictions were under separate indictments. Under those circumstances, the court (p 880), in adopting the view of Arnold D. Hechtman in the 1978 Practice Commentary to section 70.08 (McKinney’s Cons Laws of NY, Book 39, 1982-1983 Pocket Part), held that since there were separate indictments, not consolidated for trial, each conviction had to be treated as a separate conviction. Specifically, the court felt that section 70.08 revived “Baumes Law”, or the former section 1942 of the Penal Law.* The court cited the case of People v Taylor (16 AD2d 944) as persuasive of this position.
*361 Under the Ayala rationale then, it is irrelevant that the sentences imposed on the defendant here for the prior manslaughter convictions were concurrent, but rather the determinative factor is that there was but one indictment. Thus, if Ayala {supra) is followed, the defendant has but a single prior violent felony conviction and not three as the People propose.
However, the preferred analysis in the instant case is via a specific, particular application of the statutory scheme: Do the three manslaughters in the first degree constitute “two or more predicate violent felony convictions” within the meaning of subdivision 1 of section 70.04 of the Penal Law?
First, manslaughter in the first degree is a violent felony offense as defined in subdivision 1 of section 70.02 of the Penal Law. So, the criteria of section 70.04 (subd 1, par [b], cl [i]) are satisfied.
Now, the ladder created by section 70.04 (subd 1, par [b], cl [ii]), together with section 70.08 (subd 1, par [a]), must be considered. What these sections contemplate is a series of violent felony convictions. These sections contemplate that the defendant must first have a violent felony conviction, then a second violent felony conviction (predicate No. 1), followed by a third violent felony conviction (predicate No. 2), before he may qualify for treatment as a persistent violent felony offender. This is quite clear from the language of section 70.04 (subd 1, par [b], cl [ii]) — “[s]entence upon such prior conviction must have been imposed before commission of the present [or predicate] felony” (emphasis added). In the instant case, the defendant’s manslaughter convictions do not meet this test — the sentence for the latter two convictions was imposed contemporaneously with the first. Thus, the second criterion of section 70.04 (subd 1, par [b]) has not been met in this case, and, therefore, the defendant does not qualify for treatment as a persistent violent felony offender at this time.
*362 Had the defendant’s previous convictions met the first two criteria of section 70.04 (subd 1, par [b]), it would be necessary to ascertain if he met the remaining criteria. Section 70.04 (subd 1, par [b], cl [iii]) is inapplicable to this defendant, as is section 70.04 (subd 1, par [b], cl [vi]). The defendant’s prior convictions meet the criteria of clauses (iv) and (v). That is, he was first convicted of burglary in the third degree, occurring January 21, 1960. His next offense occurred on March 1, 1969, for which he was convicted of three counts of manslaughter in the first degree on March 20, 1970. Without even considering the time the defendant spent in prison, the period between offenses — January 21, 1960 to March 1, 1969 — is less than 10 years. The defendant committed the instant offense on March 19, 1982. Thus, the instant period — from March 1, 1969 to March 19, 1982 — would be longer than 10 years, except that the defendant was continuously incarcerated on the prior manslaughter convictions until his release on parole on December 20, 1979. Thus, excluding that period pursuant to section 70.04 (subd 1, par [b], cl [v]) the 10-year period is satisfied here as well.
Based upon the above determination, it is unnecessary to address the defendant’s contention, propounded in his answering papers, that to use pre-1978 convictions as a basis for a determination of persistent violent felony offender is in violation of the ex post facto clause of the United States Constitution.

 “A person who, after having been three times convicted within this state, of felonies or attempts to commit felonies, or under the law of any other state, government or country, of crimes which if committed within this state would be felonious, commits a felony, other than murder, first or second degree, or treason, within this state, shall be *361 sentenced upon conviction of such fourth, or subsequent, offense to imprisonment in a state prison for an indeterminate term the minimum of which shall be not less than the maximum term provided for first offenders for the crime for which the individual has been convicted, but, in any event, the minimum term upon conviction for a felony as the fourth or subsequent, offense, shall be not less than fifteen years, and the maximum thereof shall be his natural life.”