■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent v. ALBERT JEFFERSON, Appellant.— In a proceeding which was treated by the County Court, Nassau County, as in *coram nobis* to vacate a judgment of said court rendered March 7, 1958, defendant appeals from an order of said court dated March 30, 1967, which denied the application. Order affirmed. In March, 1949 defendant was sentenced to a reformatory term upon his plea of guilty to burglary in the third degree. In March, 1958 he was convicted of rape in the first degree and sentenced as a second felony offender. In April, 1964 section 1943 of the Penal Law was amended by in part providing: "no previous conviction in this or any other state shall be utilized as a predicate for multiple offender treatment pursuant to either  *  *  *  [§ 1941 or § 1942] of this article if such conviction was obtained in violation of the rights of the person accused under the applicable provisions of the constitution of the United States. An objection that a previous conviction was unconstitutionally obtained may be raised at this time and the court shall so inform the person accused. Such an objection shall be entered in the record and shall be determined by the court, without empanelling a jury." In March, 1964 defendant had moved to vacate his 1949 judgment of conviction and to be resentenced as a first felony offender, on the ground that he had not been represented by counsel at the time of his 1949 plea and sentence. After a hearing in September, 1964 his motion was denied on the ground that he had effectively waived his right to counsel. In December, 1966 he moved to be resentenced upon his 1958 conviction on the ground that, at the time he was sentenced in 1958 as a second felony offender, the court did not advise him that he had a right to object that his 1949 conviction had been obtained unconstitutionally. He alleged that his 1949 conviction had been obtained in violation of his right to counsel. In our opinion, defendant's motion was properly denied. Though the procedural form for retroactive application of section 1943 of the Penal Law, as amended in 1964, is a motion for resentence, the object of the motion is the remedy identifiable with *coram nobis* relief (*People* v. *Machado*, 17 N Y 2d 440; see, *People* v. *Jones*, 17 N Y 2d 404; *People* v. *Cornish*, 21 A D 2d 280). The *coram nobis* hearing held in September, 1964 was the same hearing defendant would have received had he expressly based his March, 1964 motion upon section 1943 of the Penal Law, as amended (amdt. eff. April 1, 1964). The plain objective of the 1964 amendment of the section is the extension to a defendant of the procedural right to challenge the constitutionality of a predicate conviction at the time he is arraigned as a multiple offender, provided that the constitutionality of the prior conviction has not been adjudicated with respect to the objection raised by defendant at the time that he is so arraigned. Similarly, if subsequent to a defendant's sentence as a multiple offender the predicate conviction was adjudicated in a *coram nobis* proceeding as one constitutionally obtained, the statute may not be read to vest him with the procedural right to relitigate the very same claim because, under the guise of retroactive application of the 1964 amendment, an irregularity in his sentence as a multiple offender may be said to have existed. Beldock, P. J., Brennan, Rabin, Hopkins and Benjamin, JJ., concur.