David O. Boehm, J.
In view of the nature of this application, a detailed recital of the history of the proceedings in chronological form would be appropriate.
*923 The defendant was indicted by the Grand Jury of the County of Monroe by Indictment No. 536 filed November 16,1964 charging him with two counts of burglary, third degree, two counts of grand larceny, second degree, and one count of grand larceny, first degree. On arraignment, November 17, 1964, defendant pleaded not guilty to all five counts of said indictment. On January 18, 1965 an order was granted severing the third count of the indictment (grand larceny, first degree), the same to be tried separately.
After a trial before a jury on Counts 1, 2, 4 and 5 of the indictment, the petitioner was found guilty of all four counts on February 11, 1965. On February 26, 1965 the defendant was arraigned as a second felony offender pursuant to section 1943 of the old Penal Law, which he admitted, whereupon he was sentenced to Attica State Prison for an indeterminate term with a minimum of 7% years and a maximum of 10 years upon the burglary, third degree counts (Counts 1 and 4 of the indictment) and sentenced to an indeterminate term with a minimum of 5 years and a maximum of 7% years upon the grand larceny, second degree counts (Counts 2 and 5 of the indictment), both sentences to run concurrently.
Subsequently, that same year, defendant was tried before a jury on the third count of the indictment for the crime of grand larceny, first degree, and on September 16, 1965 found guilty as charged. On September 24, 1965 petitioner was arraigned as a second felony offender and stood mute. There was a jury trial on September 30,1965 for the purpose of determining the petitioner’s identity. That same day, during the course of the hearing, petitioner pleaded guilty to being a second felony offender but raised a constitutional question to the predicate conviction of January 16, 1961, and a hearing pursuant to section 1943 of the old Penal Law was immediately held. The constitutional objection was overruled. On September 30, 1965 petitioner was sentenced to Attica State Prison upon this judgment of conviction of the third count of the indictment for an indeterminate term with a minimum of 7% years and a maximum of 10 years.
In October, 1966 the burglary, third degree conviction was reversed (26 A D 2d 896), and in February, 1967 the grand larceny, first degree conviction under the third count of the indictment was reversed (27 A D 2d 794).
Petitioner was retried on the third count of the indictment before a jury and a verdict of guilty on May 10, 1967 was again returned. On the same day, the petitioner was again arraigned as a second felony offender, again remained mute *924 and again was tried before a jury with respect to the previously adjudicated question of his identity. On May 25, 1967 after a two-day trial the petitioner’s identity was again confirmed by jury verdict. The following day, May 26, 1967, the constitutional question again being raised, there was another constitutional hearing with respect to the same predicate conviction of January 16, 1961, and the objection was again overruled. The petitioner was sentenced to Attica State Prison for an indeterminate term with a minimum of 10 years and a maximum of 20 years. On January 16, 1969, this judgment of conviction was unanimously affirmed by the Supreme Court, Appellate Division, Fourth Department (31 A D 2d 780).
On March 20, 1968, Counts 1, 2, 4 and 5 of said indictment were dismissed.
On January 22, 1969 petitioner was returned to this court on a writ of habeas corpus for resentencing. The sentence of May 26,1967 whereby the petitioner was committed to Attica State Prison for an indeterminate term, the minimum of which was 10 years and the maximum 20 years, as a second felony offender, was canceled, annulled and revoked and the petitioner was resentenced as a second felony offender nunc pro tunc, for an indeterminate term, the minimum of which was 7% years and the maximum 10 years.
The petitioner now brings this proceeding to set aside the resentence of January 22, 1969, asserting the failure of the court at that time to comply with section 1943 of the old Penal Law; that he was sentenced as a second felony offender without a new information being filed and that the court did not readvise him that he had a right to a hearing regarding the constitutionality of the predicate conviction.
Section 1943 of the old Penal Law sets forth a mandated procedure relating to the sentencing of a person previously convicted of a felony. It requires the District Attorney to file an information accusing the said person of such previous conviction or convictions. In addition, it requires the court to inform the person so accused that an objection that a previous conviction was unconstitutionally obtained may be raised at the same time. Whereas the question of identity must be decided by a jury, any constitutional objection is to be determined solely by the court.
At the time of the original sentence of September 30, 1965, and at the time of the resentencing on May 26, 1967, the court gave the petitioner full opportunity to take advantage of the procedures and proceedings contained in section 1943 of the old Penal Law. (See, also, Code Crim. Pro., § 470-a, subd. 7.)
*925 It is important to note also that petitioner was represented by counsel at the time of the third sentencing. It is also significant that the appellate court did not disturb the adjudication of the petitioner’s guilt nor the determination that he had been properly adjudged a second felony offender. Notwithstanding all of the foregoing, the petitioner contends that the failure of the court to file another information in connection with the identity matter which had already been litigated and decided, and to advise him, for the third time, of his right to a constitutional test of the first conviction at the time of his resentence on January 22,1969, deprived him of his constitutional rights.
If the court follows petitioner’s argument correctly, it is that he should have been advised again of what twice before he had already been advised; that he must again be allowed to litigate what he had already litigated and what he had previously admitted.
This position cannot be sustained. It would substitute form for substance. The law is not a mindless automaton requiring a repeatedly renewed application of identical controls to enable it to function. To hold as petitioner urges would transform the law’s work of operating a viable system of justice into mere ritualistic formalism. Further, the petitioner has shown no prejudice nor has he pointed out any violation of due process. (People v. Porter, 14 N Y 2d 785; People ex rel. Jackson v. McMann, 25 A D 2d 692; People ex rel. De Berry v. McMann, 24 A D 2d 651.)
The cases cited by the petitioner refer to noncompliance with the statutory procedure at the time of the original sentence, not at resentencing, and are therefore inapplicable.
Even assuming, arguendo, there was an irregularity in the sentencing procedure, section 1943 does not vest a defendant with the endless right to litigate the identical claim previously settled. (People v. Jefferson, 29 A D 2d 681.)
There comes a time when and a point where juridical cognition must be made of actuality based upon the cumulative deposit of facts. The law is life. Its concern is substantial justice, not metaphysical mechanics.
The court notes that a timely notice of appeal from the final resentence has been filed by the petitioner. This appeal is now pending before the Supreme Court, Appellate Division, Fourth Department, wherein this same issue may be raised. This application is denied.