Shibley Levittan, J.
In proceedings pursuant to CPL 400.21 to determine whether the defendant shall be sentenced as a second felony offender under section 70.06 of the Penal Law in consequence of a felony conviction prior to the effective date of those statutes and his present conviction of a class D felony for a crime committed after such date, he argues that his prior conviction may not ibe treated as one for a predicate felony under those sections because it was the product of, firstly, a plea bargain in which he pleaded guilty to a felony with the understanding that he be subjected to only a misdemeanor *414 sentence — a so-called “ split plea ” — and, secondly, a representation at that time by his attorney that such a “ split-plea ” conviction could not thereafter be used as a predicate felony for the purposes of the then existing persistent (third) felony offender statute (Penal Law, former § 70.10), which is not the present statute under which second felony offenders are punished, namely section 70.06. He claims that without such representation by his attorney, which the latter has acknowledged in an affirmation in this proceeding, he would not have pleaded guilty. If he is now a second felony offender, his mandatory punishment, governed by section 70.06 (subd. 3, par. [c]; subd. 4) of the Penal Law must be an indeterminate sentence for a term of at least two to four years, while if he is not now a second felony offender, his punishment provided by section 70.00 is either an indeterminate sentence under subdivisions 2 and 3 of section 70.00 which in the discretion of the court and the State Board of Parole may be for a term as minimal as one to threé years, or another split plea under .subdivision 4 of section 70.00 for a term less than one year.
The defendant has satisfactorily proven the representation by his attorney, which, indeed, was a correct statement of the law at the time it was made and was common currency of plea bargaining of the period. The defendant’s claim that absent such representation, he would not have pleaded guilty, is subjective, but any doubt is resolved in the defendant’s favor and the claim is accepted at face value.
The court is confronted with conflicting policies.
On the one hand, while plea bargaining over a crime theretofore committed is established practice, plea bargaining with respect to or affecting a future crime is not. No one should have the right to negotiate the terms under which he may commit a future crime which by definition may not be committed at all, nor to negotiate penal limitations therefor. Least of all, should one who has already been charged with a crime have the right to negotiate such terms or penal limitations concerning a second crime; nor should a barter of such future terms in exchange for a present plea bargain be recognized. The criminal courts should not be a commodities exchange trading in such futures, nor operate a brokerage in binding options freezing the price of a crime not yet committed.
On the other hand, while the State contracted no such treaty, the defendant was, in fact, misled into believing it had, and, he, in reliance thereon, relinquished a right to plead not guilty to the prior crime — a detriment to him constituting consideration *415 eceived and aqoepted iby the State. In practice, the State’s agents had sufficient intelligence, experience, and contact with 'he realities of criminal defense operation to know that the lefendant relied on an improvident belief; and the collective ’State is chargeable with the knowledge that it might change the law and that the defendant’s belief might prove to be a unilateral mistake of law. The policy issues include the nature of the public ethic, the extent of the People’s obligation to maintain its own integrity, if not to afford relief as a matter of grace.
The policies are not reconcilable. One must have priority, the other be subordinated. The issue is close, and their resolution while not personally gratifying to this court, must be responsive to the apparent legislative intent.
In response to the Governor’s sponsorship, the Legislature concerned with recidivism, enacted chapters 276, 277 and 278 of the Laws of 1973. Its well-publicized intent was to alter and harshen existing law and to punish future second offenders more severely than first offenders. The Legislature’s penal thrust was within its constitutional power to abridge existing statutory limits on punishment in futuro. To this interpreter of legislative intent it appears that the Legislature, responding to contemporaneous realities in accordance with its view of its public trust, accords priority to the policy of suppressing recidivism. Consistency with such policy would appear to indicate legislative predisposition against plea bargaining affecting future crimes as being more abhorrent than abridgement of the presently relevant countervailing policy considerations. Other interpreters may surely differ and the appellate issue is obvious — and invited.
Under this interpretation of legislative intent, the defendant’s prior conviction is a predicate felony mandating sentence as a second felony offender.