■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRYAN CAMBRIDGE, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered September 12, 1975, convicting him of robbery in the first degree, grand larceny in the third degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions of grand larceny in the third degree and criminal possession of a weapon in the fourth degree, and the sentences imposed thereon, and the said counts are dismissed. As so modified, judgment affirmed. Under the facts of this case, defendant could not have committed the crime of robbery in the first degree without also having committed the crimes of grand larceny in the third degree and criminal possession of a weapon in the fourth degree. A verdict of guilty on the greatest count is deemed a dismissal of every lesser included count (see *People v Grier,* 37 NY2d 847). Hopkins, Acting P. J., Martuscello, Cohalan, Damiani and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE IRVING, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, dated June 27, 1974, convicting him of burglary in the third degree, grand larceny in the third degree, possession of burglar's tools, criminal mischief in the fourth degree and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence upon him as a second felony offender. Judgment affirmed. The defendant pleaded guilty to a previous offense prior to the effective date of the present predicate felony statute (Penal Law, § 70.06). At the time of that plea an *actual* sentence of not more than one year precluded use of that conviction to secure second felony sentencing upon a subsequent conviction. The current statute requires reference to the *authorized* sentence in order to determine whether a crime is a predicate felony. In this case the trial court determined that defendant's prior conviction, not a predicate felony under the former statute, was a predicate felony under the present statute. This was not error (see *People v Bond,* 80 Misc 2d 413). We have examined the other contentions raised by defendant and find them to be without merit. Hopkins, Acting P. J., Martuscello, Cohalan, Damiani and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD MALONE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered March 31, 1975 (the date on the clerk's extract is May 21, 1975), convicting him of manslaughter in the first degree, upon a plea of guilty, and imposing sentence. The appeal brings up for review a determination of the same court, dated February 18, 1975, which denied, without a hearing, defendant's motion to dismiss the indictment on the ground that he was denied his right to a speedy trial. Case remanded to Criminal Term to hear and report on whether defendant was denied his right to a speedy trial and, particularly, whether he was prejudiced, and appeal held in abeyance in the interim. Defendant alleges, *inter alia,* that three key alibi witnesses either died or disappeared prior to the date that this case was moved for trial. Hopkins, Acting P. J., Martuscello, Latham, Rabin and Hawkins, JJ., concur.