OPINION OF THE COURT
Duncan S. McNab, J.
The People herein have petitioned the court to sentence defendant as a persistent violent felony offender under section 70.08 of the Penal Law (eff Sept. 1, 1978). Prior to discussing the merits of defendant’s constitutional challenge to his two prior felony convictions, the court wishes to explore a threshold issue belatedly raised by defendant upon final argument, namely, whether two pre-September 1978 convictions may *936 constitute predicate violent felony convictions as defined by the statute.
By way of background, the defendant was convicted following a jury trial on April 5, 1979 upon charges of robbery in the first degree and other lesser crimes stemming from three separate robbery incidents which occurred on October 4 and October 8, 1978, i.e., subsequent to the effective date of section 70.08 of the Penal Law. Additionally, the People allege that the defendant was previously convicted of robbery in the second degree on November 5, 1975 in New York County, upon which he was given an indeterminate sentence with a three-year maximum on February 11, 1976, and of attempted robbery in the second degree in Bronx County on November 25, 1975, upon which he was sentenced to a four-year maximum to run concurrently on February 19, 1976, i.e., some 2Vi years prior to the adoption of section 70.08 of the Penal Law.
Were it not for the practice commentaries of Mr. Joseph Bellacosa to CPL 400.15 and 400.16, the procedural companion statutes to section 70.08 of the Penal Law which also became effective on September 1, 1978, the court would have little doubt that on their face, defendant’s two prior convictions could constitute predicate violent felony convictions. However, in a portion of his commentary to CPL 400.15, Mr. Bellacosa states that: "Since the predicate category of violent felony offender is brand new, it is expected and one would hope, that it will be some time before the triggering mechanism for a second violent felony offender procedure will need to be used.” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, 1978-1979 Supp, CPL 400.15, p 41.) Continuing in the same vein in his commentary to CPL 400.16, he notes that "This persistent violent felony offender mechanism should be even farther down the road of time than the second violent felony offender one, since it requires two or more of the new violent felony offenses as a predicate” (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A, 1978-1979 Supp, CPL 400.16, p 42).
This court respectfully disagrees with Mr. Bellacosa’s stated opinion that implementation of the new law is still a long way in the future, and in particular questions his literal reference to "two or more of the new violent felony offenses” (emphasis added), as opposed to a construction permitting the use of two or more prior offenses which may now be deemed violent felony offenses. Assuming arguendo that Mr. Bellacosa deliber *937 ately worded his commentary to convey a narrow construction, the court is persuaded that such a construction is not supported by the text of the new violent felony offender provisions contained in section 70.04 (subd 1, par [b], cl [i]) of the Penal Law.
Subdivision 1 of section 70.08 of the Penal Law provides as follows:
"1. Definition of persistent violent felony offender.
"(a) A persistent violent felony offender is a person who stands convicted of a violent felony offense as defined in subdivision one of section 70.02 after having previously been subjected to two or more predicate violent felony convictions as defined in paragraph (b) of subdivision one of section 70.04.
"(b) For the purpose of determining whether a person has two or more predicate violent felony convictions, the criteria set forth in paragraph (b) of subdivision one of section 70.04 shall apply.”
As to the requirements of section 70.08 (subd 1, par [a]) of the Penal Law, any of defendant’s present convictions upon 2 counts of robbery in the first degree and 10 counts of robbery in the second degree would clearly satisfy the definition of violent felony offense as contained in section 70.02 of the Penal Law.
In addition, section 70.08 (subd 1, par [b]) refers to the criteria set forth in section 70.04 (subd 1, par [b], els [i], [ii], [iii]) of the Penal Law, which in pertinent part reads as follows:
"(b) For the purpose of determining whether a prior conviction is a predicate violent felony conviction the following criteria shall apply:
"(i) The conviction must have been in this state of a class A felony (other than one defined in article two hundred twenty) or of a violent felony offense as defined in subdivision one of section 70.02, or of an offense defined by the penal law in effect prior to September first, nineteen hundred sixty-seven, which includes all of the essential elements of any such felony, or in any other jurisdiction of an offense which includes all of the essential elements of any such felony for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized and is authorized in this state irrespective of whether such sentence was imposed;
*938 "(ii) Sentence upon such prior conviction must have been imposed before commission of the present felony;
"(iii) Suspended sentence, suspended execution of sentence, a sentence of probation, a sentence of conditional discharge or of unconditional discharge, and a sentence of certification to the care and custody of the office of drug abuse services, shall be deemed to be a sentence”.
In the instant case, both of defendant’s prior convictions, i.e., for robbery in the second degree and attempted robbery in the second degree, constitute violent felony offenses within the specific listing contained in section 70.02 (subd 1, pars [b], [c], respectively) of the Penal Law, effective September 1, 1978.
Additionally, as noted above, section 70.04 (subd 1, par [b], cl [i]) provides that, inter alia, "The conviction must have been in this state * * * of an offense defined by the penal law in effect prior to September first, nineteen hundred sixty-seven, which includes all of the essential elements of any such felony”.
Here, both of defendant’s prior convictions for robbery in the second degree and attempted robbery in the second degree, respectively, were for crimes in which defendant was aided and abetted by others actually present, pursuant to sections 160.10 and 110.00 of the Penal Law which became effective in 1965. Beyond that, Mr. Arnold D. Hechtman’s practice commentaries to section 160.10 of the Penal Law points out that historically, the crime of robbery, when committed with one or more acccomplices, had constituted robbery in the first degree, under subdivision 2 of section 2124 of the former Penal Law. (Hechtman, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law, § 160.10, p 202.) Hence, there can be little doubt that the material elements of defendant’s prior convictions herein were contained in Penal Law offenses in effect prior to September 1, 1967.
Moreover, while the intent of section 70.04 (subd 1, par [b]) of the Penal Law seems to be discernible on its face, this court has taken the opportunity to contact the Codes Committee of the New York State Assembly in an attempt to dispel any doubts as to legislative intent. In a letter dated May 29, 1979, Mr. Melvin H. Miller, Chairman of the Assembly Codes Committee, responded as follows:
"In reply to your letter of May 15, 1979, the intent of the legislature in enacting Penal Law Section 70.08 was to have *939 two prior convictions for violent felony offenses committed prior to September 1, 1978, constitute predicate violent felony convictions for the purpose of persistent violent felony offender sentencing.
"I respectfully call your attention to Criminal Procedure Law Section 400.16(1), which refers to paragraph (b) of subdivision two* of section 70.04 of the Penal Law for the definition of what kind of conviction would serve as a predicate violent felony conviction.”
Such an interpretation not only appears entirely consistent with this court’s reading of section 70.04 (subd 1, par [b]) of the Penal Law, but would also put the new classification of violent felony offenses in line with the second felony offender provisions contained in section 70.06 of the Penal Law, the retrospective application of which has been consistently upheld. (People v Irving, 54 AD2d 765; People ex rel. McGuire v Smith, 54 AD2d 1066; People v Bond, 80 Misc 2d 413; People v Starks, 78 Misc 2d 87, holding that Penal Law, § 70.06 was not unconstitutional on either due process or ex post facto grounds insofar as permitting a felony conviction incurred prior to the effective date of Penal Law, § 70.06 to constitute a predicate felony conviction.)

 CPL 400.16 (subd 1) refers to section 70.04 (subd 1, par [b]) of the Penal Law.