OPINION OF THE COURT
Nicholas A. Clemente, J.
After a trial by jury defendant was found guilty of criminal possession of a weapon in the first degree. This offense was committed on August 28, 1980. The People filed a statement pursuant to CPL 400.16 alleging that defendant was a persistent violent felony offender. After a preliminary examination and hearing I have determined that the defendant was convicted on May 23, 1973 of robbery in the second degree, a class C felony, and was convicted on May 14, 1976 of criminal possession of a weapon in the third degree, a class D felony.[1] It is the People’s position that the instant charge of criminal possession of a weapon in the first degree coupled with those prior convictions requires the défendant to be sentenced to a maximum sentence of life imprisonment (Penal Law, § 70.08, subd 2).
I disagree. The defendant’s 1973 robbery conviction and 1976 weapons conviction were not classified as violent *267 felonies until 1978 and 1980, respectively. They should not constitute the basis for a finding that defendant is a persistent violent felony offender, although they may be used to determine whether or not defendant is a persistent felony offender (Penal Law, § 70.10).
In order to comprehend the issues that arise in this sentence proceeding it is necessary to examine the surrounding statutory framework.
Section 70.02 (subd 1, par [b]) of the Penal Law defines robbery, in the second degree as a class C violent felony offense. This definition became effective on September 1, 1978 (L 1978, ch 481). Criminal possession of a weapon in the third degree did not become a violent felony offense until it was added to section 70.02 (subd 1, par [c]) of the Penal Law effective August 12, 1980 (L 1980, ch 233).
Subdivision 1 of section 70.08 of the Penal Law provides as. follows:
“1. Definition of persistent violent felony offender.
“(a) A persistent violent felony offender is a person who stands convicted of a violent felony offense as defined in subdivision one of section 70.02 after having previously been subjected to two or more predicate violent felony convictions as defined in paragraph (b) of subdivision one of section 70.04.
“(b) For the purpose of determining whether a person has two or more predicate violent felony convictions, the criteria set forth in paragraph (b) of subdivision one of section 70.04 shall apply.”
Section 70.04 (subd 1, par [b], cl [i]) of the Penal Law provides:
“For the purpose of determining whether a prior conviction is a predicate violent felony conviction the following criteria shall apply:
“(i) The conviction must have been in this state of a class A felony (other than one defined in article two hundred twenty) or of a violent felony offense as defined in subdivision one of section 70.02, or of an offense defined by the penal law in effect prior to September first, nineteen hundred sixty-seven, which includes all of the essential ele *268 ments of any such felony, or in any other jurisdiction of an offense which includes all of the essential elements of any such felony for which a sentence to a term of imprisonment in excess of one year or a sentence of death was authorized and is authorized in this state irrespective of whether such sentence was imposed;” (emphasis supplied).
What becomes apparent is that if defendant’s 1973 robbery and 1976 weapons possession convictions are deemed “violent felony offense[s] as defined in subdivision one of section 70.02” it would follow that the weapon offense committed on August 28, 1980 would make him a persistent violent felony offender subject to sentence under the provisions of section 70.08 of the Penal Law.
Before addressing the specific issues raised it would be helpful to briefly examine the background of the recidivist or predicate felony sentencing statute.
Our Legislature enacted predicate felony laws providing harsher penalties for prior felony offenders than for first time felony offenders (see People v Bond, 80 Misc 2d 413, 415). This has been recognized as a proper approach in dealing with recidivists. As was stated in People v Pacheco (53 NY2d 663 [Cooke, J., concurring opn, pp 669-670]): “It is not unreasonable for the Legislature to provide that a person who violated this State’s felony laws once should suffer heightened punishment if he commits a second felony in New York since such a person has demonstrated a repeated disregard for the State’s most serious criminal prohibitions and has shown a failure to benefit from whatever rehabilitative efforts were offered by the State after the first offense.”
The ubiquity and constitutionality of enhanced punishment statutes was memorialized in Spencer v Texas (385 US 554, 559-560) where the United States Supreme Court stated that: “No claim is made here that recidivist statutes are themselves unconstitutional, nor could there be under our cases. Such statutes and other enhanced-sentence laws, and procedures designed to implement their underlying policies, have been enacted in all the States, and by the Federal Government as well. * * * Such statutes * * * have been sustained in this Court on several occasions *269 against contentions that they violate constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection, and privileges, and immunities.”
The rationale that made recidivist statutes withstand attack as ex post facto law is the position that the enhanced punishment is being imposed for the present crime only and is not an additional penalty for the prior offense (People v Pray, 50 AD2d 987, 988).
The question here, however, is not whether the recidivist statutes when applied prospectively are constitutional but rather whether they are constitutional when applied retroactively and after the subject felonies have been further enhanced by reclassification,
I conclude for the reasons hereinafter set forth that insofar as section 70.02 of the Penal Law is retroactively applied to make offenses which at the time of commission were only felonies into violent felonies (for purposes of finding a defendant a second violent felony offender or a persistent violent felony offender) it is unconstitutional as ex post facto (US Const, art I, § 10, cl 1). Moreover, insofar as the Legislature contemplated retroactive application under circumstances such as those present here (and as set forth infra, the statute as enacted appears to provide for retroactive application) an odd result will develop, in that a defendant would be a persistent violent felony offender without ever having been a second violent felony offender.[2]
Expanding on the last point, it is apparent that should the violent felony statutes be held retroactive in the instant circumstances, then this defendant would be placed in the odd and unhappy position of achieving the status of being found a persistent violent felony offender without having first been found to be a violent and then a second violent felony offender. Thus, not only would he not be fairly warned, but also he would be skipping the legislative steps so painfully set forth in article 70 of the Penal Law on the march to mandatory life imprisonment. It follows that *270 to apply sections 70.02, 70.04 and 70.08 of the Penal Law retroactively makes the statute logically contradictory.
Turning now to the ex post facto analysis, it must be noted that the crime herein was committed on August 28, 1980. If the incident had occurred 17 days earlier (the day before the effective date of the amendment to section 70.02 [subd 1, par (c)] of the Penal Law) this defendant would have a seemingly total criminal record of two “ordinary” felony offenses and one “violent” felony offense. Instead he finds himself charged with three violent felony offenses. This point weighs heavily with me. The Penal Law contains not only a punishment system and an enhanced punishment system, but since 1978, a double enhanced punishment mechanism.
Initially, crimes were classified into misdemeanors and felonies (Penal Law, § 10.00, subds 4, 5, 6) and then further dichotomized by categorizing certain felonies as violent (Penal Law, § 70.02). This forms the basis for creating further enhanced punishment for certain recidivists because the violent felonies are made to travel back and forth through the sentencing statutes, having the capacity of serving as a foundation for mere second or persistent felony status, or, after being characterized for additional punishment as violent, then being counted toward second violent or persistent violent felony status (cf. Penal Law, §§ 70.02, 70.04 and 70.08 with §§ 70.06 and 70.10).
In determining whether the sentencing scheme urged by the People would constitute an ex post facto law, we should first focus on Weaver v Graham (450 US 24). While the factual situation there is different, the principles enunciated are elucidating here. The court stated the following (pp 28-31): “The ex post facto prohibition forbids the Congress and the States to enact any law ‘which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.’ *** Through this prohibition, the Framers sought to assure that legislative Acts give fair warning of their effect and permit individuals to rely on their meaning until explicitly changed. * * * In accord with these purposes, our decisions prescribe that two criti *271 cal elements must be present for a criminal or penal law to be ex post facto: it must be retrospective, that is, it must apply to events occurring before its enactment, and it must disadvantage the offender affected by it. *** [T]he ex post facto prohibition *** forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred. Critical to relief under the Ex Post Facto Clause is not an individual’s right to less punishment, but the lack of fair notice and governmental restraint when the legislature increases punishment beyond what was prescribed when the crime was consummated. *** The critical question is whether the law changes the legal consequences of acts completed before its effective date.”
As previously indicated, when defendant committed the instant offense on August 28, 1980, robbery in the second degree (1973 offense) and criminal possession of a weapon in the third degree (1976 offense) were violent felony offenses. At the time these offenses were committed, however, they were not violent felonies, as no such designation existed at the subject times. Therefore, to sentence defendant as a persistent violent felony offender requires that I do two things. One, reclassify defendant’s 1973[3] and 1976 felonies as violent, and second, consider those prior crimes in order to impose a harsher sentence. There is clearly no constitutional prohibition against taking the second step. To take both steps, however, would violate the ex post facto provisions of the Constitution, because while the punishment may formally be imposed only for the crime at bar, it is apparent that more is being done. It must be conceded that to consider the earlier crimes and reclassify them to previously nonexistent categories before imposing sentence effectively “changes the legal consequences of acts completed before” enactment of the violent felony offense statute. Stated otherwise, the violent felony offense statute in reality increases the penalties for criminal acts committed prior to its enactment should it be applied retroactively herein.
*272 While People v Irving (54 AD2d 765) would seem to indicate that the double step process necessary to make Barbour a persistent violent felony offender should be effectuated, Irving does not involve a reclassification of crimes — to previously nonexisting categories — that is necessary at bar. Accordingly, I do not feel that the Appellate Division contemplated by its Irving decision to cover the situation presented herein.
Perhaps, anticipating the unconstitutional nature of any retroactive application of the violent felony offender statute for purposes of a finding of second or persistent violent felony offender status, Mr. Joseph Bellacosa, in his Practice Commentary, states that: “Since the predicate category of violent felony offender is brand new, it is expected and one would hope, that it will be some time before the triggering mechanism for a second violent felony offender procedure will need to be used.” (McKinney’s Cons Laws of NY, Book 11A, Pocket Part 1980-1981, CPL 400.15, p 62.) In regard to CPL 400.16, the section dealing with procedure for determining whether a defendant is a persistent violent felony offender, Mr. Bellacosa states: “This persistent violent felony offender mechanism should be even farther down the road of time than the second violent felony offender one, since it requires two or more of the new violent felony offenses as a predicate” (Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, Pocket Part 1980-1981, CPL 400.16, p 62).
Finally, as to the phrase used in section 70.04 (subd 1, par [b], cl [i]) of the Penal Law, “a violent felony offense as defined in subdivision one of section 70.02,” the court is of the view that it encompasses offenses committed prior to the effective date of section 70.02 of the Penal Law, provided the elements of the offense are the same as those set forth in section 70.02. The court therefore agrees with People v Jenkins (100 Misc 2d 935) insofar as it holds that the Legislature, in enacting the violent felony offender and persistent violent felony offender statutes, meant for there to be retroactive application in a situation such as the one presented here. However, as previously indicated, I believe such an approach is precluded by the Constitution.
*273 I therefore find that defendant is not a persistent violent felony offender.
Since the defendant was adjudicated a second felony offender by Justice Bellard on September 9, 1976, and since subsequently, on August 28, 1980, he did commit another felony, I find the defendant a persistent felony offender and will sentence him pursuant to the provisions of section 70.10 of the Penal Law.

. It should be noted that the defendant was found to be a second felony offender by Justice William Bellaed on September 9,1976 under indictment No. 2095/75. It would therefore seem that the defendant is here bound by that finding (see CPL 400.21, subd 8).

. Although it may, be argued that to apply the subject statutes retroactively would constitute cruel and unusual punishment such a position has not been sustained (see Rummel v Estelle, 445 US 263; People v Broadie, 37 NY2d 100).

. It is noteworthy that at the time of the commission of the 1973 offense there were not even enhanced penalties for second felony offenders (L 1973, ch 277).