OPINION OF THE COURT
Frederic S. Berman, J.
At a hearing to determine whether the defendant, Sam Graham, should be sentenced as a persistent violent felony offender, this court is presented with two issues, neither of which has been previously decided by the appellate courts of this State.
(a) May a defendant with two prior felony convictions (which are classified as violent felony offenses under present law) be found to be a persistent violent felony offender where his two previous convictions occurred prior to September 1, 1978, the effective date of the violent felony offender law?
(b) May a defendant at a persistent violent felony offender hearing contest the constitutionality of a 1975 felony conviction where he failed to raise that issue in 1978 when he was adjudged to be a predicate felony offender? *667 The defendant, who, after a jury trial in September, 1981, was convicted of criminal possession of a weapon in the third degree, a violent felony offense, had previously been convicted of attempted criminal possession of a weapon in the third degree in 1975 and attempted criminal possession of a weapon in the third degree in 1978. These crimes are now classified as violent felony offenses (Penal Law, § 70.02, subd 1, par [d]) although they were classified only as felonies at the time of defendant’s prior convictions.
EFFECT OF CONVICTIONS PRIOR TO THE VIOLENT FELONY OFFENDER LAW
Despite the fact that the violent felony offender law has been in effect for more than three years (since Sept. 1, 1978), there is a surprising paucity of case law on the question of whether crimes occurring prior to September 1, 1978, which have been classified since that date as violent felony offenses, can be considered in determining whether a defendant, recently convicted of a violent felony, should now be sentenced as a persistent violent felony offender.
Although there appear to be no appellate decisions on this issue, there are two cases which have been decided on the trial court level which reach opposite conclusions.
In People v Jenkins (100 Misc 2d 935) the court, after considering the intentions of the Codes Committee, determined that the Legislature intended the statute to be read so that reclassified felonies qualify as violent felonies (Penal Law, § 70.04). That court, in its opinion, took issue with the language of the Commentaries to CPL 400.15 and 400.16 (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, 1978-1979 Pocket Part, CPL 400.15, p 41; CPL 400.16, p 42), which suggest the contrary. Recently, the Jenkins decision was followed in People v Ayala (107 Misc 2d 874). Jenkins and Ayala appear to be the only reported cases in this judicial department.
In People v Barbour (111 Misc 2d 266) the court held to the contrary, i.e., that any convictions prior to the effective date of the violent offender law could not be considered in determining whether a defendant was a persistent violent felony offender, because such retroactive application is unconstitutional, as ex post facto. The court in that case *668 concluded that defendant, at the time of his prior sentencing, was denied the benefit of the warning scheme of escalating punishment envisioned by the statute.
Although not bound by either decision, this court is persuaded by the reasoning contained in Jenkins (supra) and Ayala (supra), and rejects the ex post facto argument set forth in Barbour (supra). A sentence under a second felony or habitual criminal statute does not constitute punishment for the prior conviction. (Carlesi v People, 233 US 51, quoting McDonald v Massachusetts, 180 US 311.)
In making this decision the court has noted that defendant’s present conviction is the determinative one. At the time the defendant Graham pleaded guilty to the two previous felonies he could not have been informed by the court of all the collateral consequences of the plea including advice that his plea could constitute a predicate in the future for enhanced punishment as a persistent violent felony offender. Society has a right to expect that a defendant will not commit subsequent crimes (see, e.g., People v Pray, 50 AD2d 987; People v Jackson, 105 Misc 2d 437).
defendant’s previous failure to contest earlier CONVICTION
Defendant herein further contends that he cannot now be adjudged a persistent violent felony offender because his 1975 conviction for attempted criminal possession of a weapon in the third degree was constitutionally infirm. He urges this position notwithstanding the fact that defendant failed to raise that very issue in 1978 when he was sentenced as a predicate felony offender.
This court has been unable to locate case law dealing with the possible waiver of a predicate felony offender’s right to later contest the constitutionality of his previous conviction at a hearing to determine whether he should be sentenced as a persistent violent felony offender.
Despite the absence of case authority on this specific point, there is judicial history relating to the sentencing of a defendant with prior felony convictions from which this court may seek guidance.
In the instant case, defendant contends that at the time he was being allocuted in 1975 with respect to his at *669 tempted weapons plea, the court therein failed to inquire whether the defendant was aware he was waiving certain of the rights accorded him if he elected to stand trial. It is conceded that the court at that time inquired as to defendant’s waiver of certain rights but failed to inquire with respect to others.
At the time of defendant’s plea to the crime of attempted criminal possession of a weapon in the third degree in 1978, and the finding that he be sentenced at that time as a predicate felony offender, the defendant failed to dispute the constitutionality of his 1975 conviction regarding the issue of whether he had been fully informed in 1975 of the rights he was waiving.
That leaves the question of whether the defendant may now challenge the constitutionality of that 1975 conviction when he failed to do so in 1978.
When defendant entered his guilty plea in 1978, the court conducted a predicate felony allocution with respect to his 1975 conviction. At that time the applicable procedures were governed by CPL 400.21 (subd 7, par [b]; subd 8), which prescribed the process for determining whether an individual should be sentenced as a second felony offender.
“7(b) *** The defendant may, at any time during the course of the hearing hereunder controvert an allegation with respect to [a prior] conviction *** on the grounds that the conviction was unconstitutionally obtained. Failure to challenge the previous conviction *** constitutes a waiver on the part of the defendant of any allegation of unconstitutionality unless good cause be shown for such failure to make timely challenge.
“8 *** Where a finding has been entered pursuant to this section, such finding shall be binding upon that defendant in any future proceeding in which the issue may arise.”
When the violent felony offender law went into effect on September 1, 1978, a procedure substantially identical to CPL 400.21 was adopted as a means of determining whether a defendant should be sentenced as a second violent felony offender (see CPL 400.15).
*670 In order to determine how the courts should apply this waiver provision in the case of a persistent violent felony sentencing proceeding, it is necessary to examine the cases interpreting the persistent felony sentencing statute (CPL 400.20) . This becomes necessary due to the absence of any case law with respect to the provisions of the persistent violent felony offender laws.
Prior to 1964, multiple felony offenders were sentenced without the statutory opportunity to challenge the constitutionality of their prior convictions.
In 1964 the right to challenge the constitutionality of a prior conviction was provided and later carried over and embodied in the persistent felony offender statute (CPL 400.20) . That section provided a defendant with one opportunity to challenge the constitutionality of a prior conviction. Once that question has been litigated and a finding made, a defendant is precluded from raising that issue in a subsequent proceeding. (People v Harley, 37 AD2d 743; People v Jefferson, 29 AD2d 681; People v Cole, 59 Misc 2d 922; cf. United States ex rel. Kenny v Follette, 410 F2d 1276.)
Given the similarities of provisions in the persistent felony offender statute, and the persistent violent felony offender statute, logic would dicate that the decisional law appertaining to a persistent felony offender determination should have equal application when applied to a persistent violent felony offender.
Accordingly, the defendant herein is precluded from now contesting the constitutionality of his 1975 conviction by virtue of his failure to challenge it at a predicate felony-hearing in 1978.
No discussion of the persistent violent felony offender law would be complete without, at least, an oblique reference to a confounding problem respecting the implementation of the law.
Although collateral to the problem presented herein to this court, it must be noted that the Legislature has inexplicably omitted making provision for the sentencing of a defendant who qualifies as a class E persistent violent felony offender.
*671 The sentencing statute for persistent violent felony offenders (Penal Law, § 70.08) mandates a maximum sentence of life imprisonment. It further provides for a mandatory minimum sentence for B, C, and D offenses. The statute is silent, however, with respect to the minimum sentence to be imposed for a class E offense.
That omission raises certain questions. Is the mandated maximum sentence of life imprisonment applicable to a class E persistent violent felony offense? If so, is the minimum sentence one year or more than one year? If the maximum sentence for such a class E offense is not life imprisonment, then is the maximum four years with a mandatory minimum of two years, as provided in the second violent felony offender statute (Penal Law, § 70.04)?
Obviously, the confusion can only be remedied by corrective legislation, and the Legislature is respectfully urged to rectify this situatioln. by enacting legislation which would provide an appropriate sentence for a class E persistent violent felony offender.
In conclusion, this court holds that the defendant’s two prior felony convictions, subsequently reclassified as violent felonies, may serve as a predicate to his being sentenced as a persistent violent felony offender. Furthermore, once the defendant at a prior proceeding has failed to challenge the constitutionality of a previous conviction at a hearing to determine his predicate felony offender status, he is thereafter precluded from doing so at any subsequent hearing to determine whether he should be sentenced as a persistent violent felony offender.
Consequently, after conducting a hearing in accordance with CPL 400.16, the court finds the defendant to be a persistent violent felony offender, subject to the mandatory sentencing provisions prescribed in section 70.08 of the Penal Law for a class D persistent violent felony offense.