OPINION OF THE COURT
Herman Cahn, J.
Defendant John Baker was convicted, after trial, of robbery in the second degree and other crimes. Prior to sentence being imposed, the prosecution has filed a predicate violent and persistent violent felony statement as required. The People claim, and defendant does not deny, that defendant was previously convicted on May 15, 1973, May 3, 1976 and May 5, 1976 of attempted robbery in the second degree, robbery in the first degree, and robbery in the first degree, respectively. The People assert that said convictions mandate defendant’s sentencing as a persistent violent felony offender, or, at least, as a predicate violent felony offender. Said convictions were based upon defendant’s pleas of guilty before Justices of this court in Manhattan and Brooklyn.
Defendant controverts the predicate felony statement proffered by the People on numerous grounds. Defendant argues that he cannot constitutionally be sentenced as either a persistent violent felony offender or predicate violent felony offender pursuant to sections 70.04 and 70.08 of the Penal Law as application of said provisions to defendant would violate the ex post facto and due process clauses of the United States Constitution.
*497 THE EX POST FACTO ARGUMENT
The main thrust of defendant’s ex post facto argument is that to apply sections 70.04 and 70.08 of the Penal Law to him would be a violation of the ex post facto clause of article I (§ 10, cl 1; § 9, cl 3) of the United States Constitution. He claims that any conviction which took place before the enactment or amendment of the recidivist statutes (which increased a recidivist’s punishment) cannot be considered by the court in determining the sentence for a crime committed subsequent thereto. To do so, it is argued, would effectively increase the punishment for the earlier crime, and would be an ex post facto enactment.
In order to determine the validity of said claim, it is not only necessary to analyze the ex post facto clause itself but also to examine sections 70.04 and 70.08 of the Penal Law under which the People seek to have defendant sentenced. This court’s analysis is concerned solely with whether these statutes assign more disadvantageous criminal or penal consequences to acts which occurred prior to September 1, 1978, when New York’s violent felony laws became effective. “The ex post facto prohibition forbids the Congress and the States from enacting any law ‘which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed.’” Weaver v Graham, 450 US 24, 28.) Generally speaking, the purpose of the prohibition is to restrain arbitrary and potentially vindictive legislation by seeking to assure that individuals are given fair notice of what the law is, and what the effect of their actions will be.
Thus as the Supreme Court made exceptionally clear in Weaver v Graham (supra, at p 30) the ex post facto prohibition “forbids the imposition of punishment more severe than the punishment assigned by law when the act to be punished occurred.”
New York’s violent felony laws became effective as of September 1, 1978 (L 1978, ch 481, §67). These laws redefined various existing offenses as “violent felonies” and enhanced the penalties for those convicted of these offenses. The new statutory classification also provided increased punishment for those convicted of a second vio *498 lent felony offense (Penal Law, § 70.04) and of a third or subsequent violent felony offense.
The constitutionality of enhanced punishment or recidivist statutes has been continuously upheld by the United States Supreme Court. “Subsequent offender statutes (which are ancient in the law, Graham v. West Virginia, 224 U. S. 616, 622) violate no constitutional rights since they do no more than describe circumstances under which increased punishment may be imposed by a sovereignty”. (People v Wilson, 13 NY2d 277, 281.) Defendant argues that the statute, by describing circumstances under which his punishment for a subsequent crime may be increased, is actually increasing his punishment for the prior crimes and is thus clearly disadvantaging the offender for events occurring before its enactment. However, a sentence under a second felony or habitual criminal statute does not constitute punishment for the prior conviction, but rather punishment for the crime then being considered.
The Court of Appeals in People ex rel. Prisament v Brophy (287 NY 132, 135) stated as follows: “Increased punishment decreed by the statute for any offender who commits a second error is not, however, further punishment for the prior offense. ‘The punishment is for the new crime only, but is the heavier if he is an habitual criminal.’ (McDonald v. Massachusetts, 180 U. S. 311, 312.) ‘The fact of the former conviction is an element merely in determining the criminality of the second offense. *** The Legislature of this State has said that one who commits a crime, after having been convicted of another crime, is a greater offender than as though he had not previously been convicted, and the punishment inflicted is solely for the second offense to which a greater degree of criminality is thus attached.’ (People v. Carlesi, 154 App. Div. 481, 487, opinion by Miller, J.; affd, 208 N.Y. 547; affd., 233 U.S. 51.)”
In view of the above, it is quite clear that the punishment mandated by the recidivist statutes here in issue, is punishment for the crimes for which defendant now stands convicted. They in no way affect the punishment for the crimes for which defendant was convicted in 1973 and 1976. (See People v Jenkins, 100 Misc 2d 935; People v *499 Graham, 111 Misc 2d 666; cf. People v Barbour, 111 Misc 2d 266.)
The question of whether sections 70.04 and 70.08 of the Penal Law were intended to apply in the circumstances here present and may constitutionally be so applied must be answered in the affirmative. In People v Irving (54 AD2d 765) the court in upholding the retrospective application of section 70.06 of the Penal Law wrote: “The defendant pleaded guilty to a previous offense prior to the effective date of the present predicate felony statute (Penal Law, § 70.06). At the time of that plea an actual sentence of not more than one year precluded use of that conviction to secure second felony sentencing upon a subsequent conviction. The current statute requires reference to the authorized sentence in order to determine whether a crime is a predicate felony. In this case the trial court determined that defendant’s prior conviction, not a predicate felony under the former statute, was a predicate felony under the present statute. This was not error”.
Defendant’s objections based on the ex post facto clause of the United States Constitution are therefore overruled.
[Portions of opinion omitted for purposes of publication.]