OPINION OF THE COURT
Arthur J. Cooperman, J.
This motion to controvert a persistent violent felony offender statement brings into focus the question of the applicability of the persistent violent felony offender statute (Penal Law, § 70.08).
Defendant was convicted of criminal possession of a weapon in the third degree after a jury trial.[1]
The People filed a persistent violent felony offender statement on April 15, 1982. That statement alleges two prior convictions: one for attempted murder in the second degree (Indictment No. 209/76) and a second for robbery in the first degree (Indictment No. 373/76).
Defendant pleaded guilty to the above-mentioned crimes on June 3, 1976. A plea was taken as to each of those indictments on that day before the same Judge. On July 16, 1976 defendant was sentenced on each indictment to a *920 “maximum term not to exceed ten years on each count and both to run concurrently with the other.”[2]
Defendant contends that since the plea allocution for the robbery conviction did not set forth the date, time or location of the alleged robbery, it is legally insufficient to support a predicate violent felony finding. He also contends that since the convictions were prior to the enactment of the violent offender statute they cannot be used as predicate violent felonies.
Defendant’s contention with regard to the robbery conviction is without merit. The plea minutes clearly indicate that the plea was knowingly, intelligently and voluntarily entered. Defendant admitted to each and every element of the crime. Prior to pleading guilty on June 3, 1976 defendant received a copy of the indictment, and received a copy of a felony complaint dated January 26, 1976. Those documents informed defendant of the time, place and location of the offense. The court therefore finds that the robbery in the first degree conviction may be used as a predicate conviction.
Defendant also argues that the court may not use those convictions as predicate violent felonies since they occurred prior to the enactment of the persistent violent felony statute.[3] The court agrees.
The constitutionality of using a conviction for crimes committed prior to the persistent violent felony statute has been the subject of differing opinions among nisi prius courts (People v Jenkins, 100 Misc 2d 935; People v Graham, 111 Misc 2d 666; People v Baker, 112 Misc 2d 496 [upholding the constitutionality]; People v Barbour,[4] 111 Misc 2d 266 [ruling such use unconstitutional]).
The court does not reach the constitutional issue, because the statute on its face does not provide for the use of a *921 conviction obtained prior to the enactment of the violent felony statute.
Section 70.08 (subd 1, par [a]) of the Penal Law states that in determining whether an individual has two or more violent felonies, the court must use the criteria set forth in section 70.04 of the Penal Law. Section 70.04 (subd 1, par [b], cl [i]) of the Penal Law in relevant part, reads as follows:
“(b) For the purpose of determining whether a prior conviction is a predicate violent felony conviction the following criteria shall apply:
“(i) The conviction must have been in this state * * * of a violent felony offense as defined in subdivision one of section 70.02”.
The court finds that the statute permits the use of a conviction which at the time of its commission was defined in section 70.02 of the Penal Law, and does not permit the use of a conviction which at the time of its commission was not so defined. In this regard, the court disagrees with the nisi prius courts which interpreted section 70.04 of the Penal Law as permitting the use of crimes which were committed prior to the enactment of the violent felony statute which contained all the essential elements of a crime listed in section 70.02 of the Penal Law (see People v Jenkins, 100 Misc 2d 935, supra; People v Barbour, 111 Misc 2d 266, 270, supra). In coming to this conclusion, the court has considered the following:
(1) Section 70.02 of the Penal Law does not set forth any elements of any crimes. It merely enumerates the crimes, not their elements.
(2) This interpretation is consistent with the “regular” predicate felony section. Under the regular predicate felony section in order for a conviction to constitute a predicate felony, it must have been a felony at the time of its commission (Penal Law, § 70.06, subd 1, par [b], cl [i]). This is so even though at the time of its commission, the crime was a felony, and at the time of sentence the crime would be a misdemeanor. The constitutionality of looking at a predicate felony in this State as to the time of its commission has been upheld (People v Pacheco, 73 AD2d *922 370, affd 53 NY2d 663). The rational basis suggested by the Appellate Division in People v Pacheco (supra) and by Chief Judge Cooke and his concurring brethren lend credence to this court’s interpretation of the predicate violent felony statute.
(3) The court has also considered the fact that with regard to crimes committed prior to 1967 and crimes in other jurisdictions, this statute specifically provides for a comparison of the elements of such crimes with the elements of the present section 70.02 of the Penal Law. The Legislature thus enumerated the situations in which a comparison of elements should be used. The failure to use the identical language with regard to crimes in this State committed between September 1, 1967 and September 1, 1978 indicates to this court that the statute does not permit such comparison. This omission is strong evidence that the court may not use prior crimes as a basis for predicate violent felony determination.
(4) The adoption of the rationale of People v Jenkins (100 Misc 2d 935, supra) by this court would lead to as many questions as its proposed solution. This court understands the decision in People v Jenkins to have held that, in determining whether a conviction is a predicate violent felony, a comparison of the elements of the prior crime as they existed at the time of that offense must be made with the elements of the crimes listed in section 70.02 of the Penal Law, as of the date of the commission of the offense for which defendant is being sentenced. The court has the following problems with such an interpretation.
(a) What is the status of a person convicted of burglary in the second degree between September 1,1978 and September 1, 1981? Does the fact that the elements of the crime were changed as of September 1, 1981 alter the status of such a person as a predicate violent felony offender (L 1981, ch 361)? Does the Jenkins court hold that every time the Legislature changes the elements of a crime listed in section 70.02 of the Penal Law, it in effect removes the use of prior convictions for such crime from being used as predicate violent felonies?
(b) What is the status of a person who was convicted of the crime of criminal possession of a weapon in the third *923 degree between September 1, 1978 and August 12, 1980? During that period there existed a violent felony statute, but the Legislature did not include that crime in such designation. Does this not evince an intent on the part of the Legislature that a person who is convicted of criminal possession of a weapon in the third degree during that time period should not be predicate violent felony?
An interpretation of the statute that would apply a different test for crimes committed between September 1, 1967 and September 1, 1978 and crimes committed after September 1, 1978 is unwarranted by the language of the statute. The statute does not state that for crimes committed between September 1, 1967 and September 1, 1978 a comparison of elements must be undertaken, but for crimes after September 1,1978 the court must examine the predicate violent felony’s status only as of the date of its commission. Such interpretation should be left to the Legislature. These are but a few examples which may arise in adopting the Jenkins rationale. Decisions such as this should be made by the Legislature with express language, and not by judicial interpretation.
(5) Further, can it be said that a defendant reading section 70.04 of the Penal Law would know that if he had a predicate conviction he would have to examine the elements of his predicate conviction and compare them with those of the present section 70.02 of the Penal Law? This court does not think so.
A penal statute should be clear and concise so as to inform a person of ordinary intelligence of its meaning. A penal statute should also be strictly construed especially when it deals with punishment.
(6) The Jenkins court relied heavily on a letter dated May 29,1979 received by it from Melvin Miller, Chairman of the Assembly Codes Committee as evidence of legislative intent.[5] This court feels that reliance on legislative intent is inappropriate. Recently, the Court of Appeals in People v Graham (55 NY2d 144, 151) stated, “When the Legislature enacted the statutes and when the Governor signed them into law, they stood for what their words *924 manifested and not the inner thoughts of a draftsman or adviser.” Further, the court said (p 151) “This is all the more so because ‘there is no necessary correlation between what the draftsman of the text of a bill understands it to mean and what members of the enacting legislature understand’ ”. Thus, the court held (p 151) that under those circumstances, it is inappropriate to “delve into what at times is an ill-defined legislative intent”. It is a rule of statutory construction that where the words are unambiguous, the court should not inquire into the legislative intent. The omission of the words regarding crimes committed prior to the enactment of section 70.02 of the Penal Law is clear and unambiguous. Therefore, analyzing the legislative intent is inappropriate.
For all the reasons stated above, the court finds that the convictions under Indictment Nos. 373/76 and 209/76 may not be used as predicate violent felonies. The court, however, finds that these convictions may be used as predicate felonies.
The defendant is adjudicated a second felony offender.
It is noted that the court cannot order a persistent felony hearing, since the two prior convictions resulted in concurrent sentences. There was no incarceration followed by a second conviction. (Penal Law, § 70.10, subd 1, par [c].)

. The date of the offense was June 26, 1981. Since August 12, 1980 criminal possession of a weapon in the third degree has been a violent felony offense (L 1980, ch 233).

. Because of the result herein, it is unnecessary to reach the issue whether two separate convictions with concurrent sentences are to be considered as one violent felony or two violent felonies (see People v Ayala, 107 Misc 2d 874).

. The persistent violent felony statute was enacted by chapter 481 of the Laws of 1978, effective September 1, 1978.

. The court is aware that the Barbour decision is currently pending in the Appellate Division.

. It is noted that the Jenkins court was compelled to interpret the Miller letter in a different light than its plain meaning in People v Ayala (107 Misc 2d 874).