■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER BALFOUR, Appellant. — Appeal by defendant, as limited by his brief, from a sentence of

the Supreme Court, Kings County (Kreindler, J.), imposed January 15, 1982, upon his conviction of criminal possession of a weapon in the third degree, on a plea of guilty, the sentence being a prison term of from 2½ to 5 years, upon his adjudication as a second violent felony offender. Sentence affirmed. Defendant contends that it was error to sentence him as a second violent felony offender based upon his prior conviction on January 25, 1980, for the crime of attempted criminal possession of a weapon in the third degree. He argues (1) that the second violent felony offender statute (Penal Law, § 70.04) does not provide for the use of a conviction as a predicate violent felony conviction where, at the time of its commission, the offense underlying the conviction was not designated as a violent felony offense; and (2) that as applied to him, the second violent felony offender statutes (Penal Law, §§ 70.02, 70.04) violate the ex post facto clause of sections 9 and 10 of article I of the United States Constitution. We disagree. Section 70.04 (subd 1, par [b]) of the Penal Law permits the use of a prior felony conviction as a predicate violent felony conviction if, at the time the present violent felony offense was committed, the offense underlying the prior felony conviction was one of those felonies designated under section 70.02 of the Penal Law as violent felony offenses. Although at the time the violent felony offender law was originally enacted (L 1978, ch 481, § 67), the offense underlying defendant's prior felony conviction (attempted criminal possession of a weapon in the third degree) had not been designated as a violent felony offense, subdivision 1 of section 70.02 was amended *prior to the commission of the instant offense* to include as a class E violent felony offense "an attempt to commit any of the felonies of criminal possession of a weapon in the third degree as defined in subdivisions four and five of section 265.02 as a lesser included offense of that section as defined in section 220.20 of the criminal procedure law" (L 1980, ch 233, § 2, eff on 60th day after June 13, 1980). Defendant's prior conviction falls within this category. Accordingly, at the time defendant committed the instant offense, he stood convicted of one of the offenses designated under the Penal Law as a violent felony offense and was properly sentenced as a second violent felony offender (Penal Law, §§ 70.02, 70.04; see *People v Graham,* 111 Misc 2d 666; *People v Jenkins,* 100 Misc 2d 935; but see *People v Correa,* 113 Misc 2d 919). We also find to be without merit defendant's contention that it was a violation of the ex post facto clause to sentence him as a second violent felony offender (see *People v Aiello,* 93 AD2d 864; *People v Baker,* 112 Misc 2d 496; *People v Graham, supra; People v Jenkins, supra;* but see *People v Barbour,* 111 Misc 2d 266). Gulotta, J. P., O'Connor, Bracken and Brown, JJ., concur.