■ The People of the State of New York, Respondent, v Roy Lee Melvin, Appellant. — Appeal by defendant from a judgment of the County Court, Orange County (Ritter, J.), rendered October 20, 1982, convicting him of

robbery in the first degree (two counts), upon a jury verdict, and imposing sentence. This appeal brings up for review the denial, after a hearing, of defendant's motion to suppress his statement. Judgment affirmed. Defendant challenges the admissibility of an admission of guilt made by him in the police station after an unsuccessful suicide attempt. He contends that the circumstances were inherently coercive and in view of the emotionally charged atmosphere existing at the time the admission was made he did not voluntarily and knowingly waive his *Miranda* rights. Not only is this contention without basis but, in our opinion, defendant's admission is governed by the spontaneity doctrine which holds admissible a "blurted out admission * * * which is in effect forced upon the officer" (*People v Grimaldi,* 52 NY2d 611, 617). There is no evidence that defendant's admission was deliberately elicited by the police or that it was coerced. Rather, the proof adduced at the hearing demonstrates that defendant admitted his complicity in the crime when faced with the weight of the evidence against him and with the possibility of jail time. Moreover, defendant's suicide attempt, standing alone, does not show that defendant lacked volitional competency and is insufficient to render his statement inadmissible. Where the admission bears other indicia of trustworthiness, it need not be excluded (cf. *People v Schompert,* 19 NY2d 300). We further note that defendant's adjudication as a second violent felony offender was proper. The instant offense was committed after the effective date of the violent felony offender statutes (Penal Law, §§ 70.02, 70.04; L 1978, ch 481, § 67, eff Sept. 1, 1978) and constitutes a violent felony (Penal Law, § 70.02, subd 1, par [a]). The crime of attempted robbery in the second degree of which defendant was convicted in 1977 and upon which the second violent felony offender status is predicated is now also classified as a violent felony offense (Penal Law, § 70.02, subd 1, par [c]). We have previously held that under such circumstances the second violent felony offender statutes do not violate the ex post facto clause of sections 9 and 10 of article I of the United States Constitution (see *People v Barfour,* 95 AD2d 812; *People v Aiello,* 93 AD2d 864). We have considered defendant's remaining contentions as argued by both his counsel and *pro se* and find them to have no merit. Titone, J. P., Mangano, O'Connor and Brown, JJ., concur.